Glenn R. Kantor – State Bar No. 122643
  E-mail: gkantor@kantorlaw.net
Anna Martin – State Bar No. 154279
  E-mail: amartin@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
ELISA THOMPSON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISA THOMPSON,<br><br>Plaintiff,<br><br>vs.<br><br>ORACLE CORPORATION; ORACLE AMERICA, INC.; ORACLE CORPORATION LONG TERM DISABILITY PLAN; AND HARTFORD LIFE & ACCIDENT INSURANCE COMPANY<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR:**<br><br>**1) BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT, CLARIFICATION OF RIGHTS, PREJUDGMENT, POST JUDGMENT INTEREST, ATTORNEY FEES AND COSTS;**<br><br>*IN THE ALTERNATIVE*<br><br>**2) BREACH OF EMPLOYMENT CONTRACT AS TO BENEFITS;**<br><br>**AND,**<br><br>**3) TORTIOUS DENIAL OF THE EXISTENCE OF A CONTRACT** |

Plaintiff, Elisa Thompson ("Plaintiff") herein sets forth the allegations of her Complaint against Defendants Oracle Corporation and Oracle America, Inc. ("hereinafter jointly referred to as Oracle"), Oracle Corporation Long Term Disability Plan ("the Plan") and Hartford Life and Accident Insurance Company ("Hartford").

**PRELIMINARY ALLEGATIONS**

1.      "Jurisdiction" – This action is brought under 29 U.S.C. Sections 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under employee benefit plans regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. Sections 1331, as this action involves a federal question. This action is brought to obtain benefits and to clarify and enforce Plaintiff's past, present and future rights to benefits under all of the employee benefit plans; to obtain other equitable relief, including but not limited to, benefits under a long term disability plan, injunctive relief requiring Oracle to reopen, review and administer Plaintiff's disability claim under her employer's ERISA plans and to pay Plaintiff's attorney fees and costs.

2.      Alternatively, to the extent state law claims govern this action, jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.  The Plaintiff is currently a citizen and resident of the State of New York, and the Defendants, Oracle America, Inc., Oracle and the Plan, are incorporated in the State of Delaware and their principal place of business is in the State of California.  Hartford is a corporation with Connecticut being its principal place of business and its State of Incorporation.

3.      "Intradistrict Assignment" –  Intradistrict assignment is proper in the San Francisco or San Jose Division of the Northern District of California because the events giving rise to this lawsuit occurred in San Mateo and/or Santa Clara Counties.

4.      Plaintiff was, at all relevant times, an employee of Oracle, and pursuant to her employment, received coverage under the employee benefit plans established by Oracle. Plaintiff was an employee of Sun Microsystems until it was acquired by Oracle in approximately January 2010.

5.      In or about October 2000, Plaintiff was seeking new employment with a technology company.   She was negotiating with both Intel Corporation, and with Sun

Microsystems. In October 2000, Plaintiff received written employment offers from both Intel Corporation and Sun Microsystems.

6. On October 24, 2000, Sun Microsystems made Plaintiff a written offer of employment. At the time the employment negotiations were taking place, Plaintiff was concerned about a pre-existing medical condition which she had suffered from as a child, which she was concerned would reappear and potentially render her unable to continue to work. For that reason, she countered the offer of employment from Sun Microsystems, and specifically sought "lifetime" disability benefits. Her counteroffer was accepted and documented in a letter dated October 25, 2000 setting forth the terms of Plaintiff's offer of employment. A true and correct copy of the October 25, 2000 employment offer letter is attached hereto as Exhibit "1" and is incorporated herein by reference. Plaintiff accepted Sun Microsystems offer by signing the October 25, 2000 letter (Exh. 1) on the line which noted "Acknowledged and accepted" and setting forth her start date and month and day of birth.

7. On or about October 30, 2000, Plaintiff commenced employment with Sun Microsystems receiving the compensation set forth in Exhibit "1" which compensation included "lifetime" disability benefits.

8. In July 2001, Plaintiff was involved in a serious accident which rendered her permanently disabled. Her injuries were unrelated to her pre-existing condition. After her accident, Plaintiff applied for Short Term Disability pursuant to the Sun Microsystems Self-Funded Short Term Disability Plan. All Short Term Disability benefits to which she was eligible were paid to her. When her Short Term Benefits were exhausted, she applied for benefits pursuant to the Sun Microsystems Self-Funded Long Term Disability Plan. Her benefit claim was approved, and she began to receive Long Term Disability Benefits. Both the Sun Microsystems Short and Long Term Benefit Disability Plans were self-funded by Sun Microsystems. Both the Short and Long Term Plans were administered by Matrix Absence Management in its capacity as a Third Party Administrator of disability benefits.

9. Plaintiff received monthly benefits from Sun Microsystems from late 2001, through early 2010. Attached as Exhibit "2" is a copy of a Matrix Worksheet which set forth her

annual income and monthly benefit.

10. In January 2010, the acquisition of Sun Microsystems by Oracle was completed. Oracle purchased all of Sun Microsystems' assets, and assumed responsibility for all of its liabilities, including its welfare benefit plan obligations, which included the obligation to continue to pay Plaintiff's disability benefits during her lifetime.

11. Plaintiff is informed and believes that Oracle had a Long Term Disability Plan in effect at the time it purchased Sun Microsystems, and that it provided Long Term Disability coverage to the Sun Microsystems' employees who became employees of Oracle. Plaintiff is further informed and believes that Oracle and/or the Plan assumed liability for administering and paying the claims of all Sun Microsystems employees who were receiving disability benefits at the time of the acquisition of Sun Microsystems by Oracle. Plaintiff is further informed and believes that on or about January 2011, Oracle and the Plan funded plan benefits via the purchase of a group long term disability policy from Hartford.

12. Plaintiff is informed and believes that the Plan is an employee welfare benefit plan regulated by ERISA. Plaintiff's former employer, Oracle, established the Plan and is the Plan Sponsor. Plaintiff is entitled to long term disability benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains totally disabled as required under the terms of the Plan. The Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

13. Defendant Hartford can be found in this judicial district and the Plan is administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. Section 1132(e)(2) (special venue rules applicable to ERISA actions).

14. Plaintiff is informed and believes that the LTD Plan is insured by Hartford by virtue of the Policy. Under the terms of the Plan, the Policy was an "Incorporated Document" and was expressly incorporated into the Plan Document. Plaintiff is further informed and believes that the Policy had an anniversary date on or after April 1, 2012. Plaintiff is further informed and believes that the Policy was amended or renewed on or after April 1, 2012. Plaintiff is further informed and believes that the Policy remained in force after April 1, 2012.

Plaintiff is informed and believes that Hartford may not exercise discretion to determine benefits as any language bestowing discretion on Hartford is void pursuant to California Insurance Code Section 10110.6.

15. Plaintiff is informed and believes that the Policy was issued with the intent to insure employees of Oracle, including all former active, full-time and part-time employees of Sun Microsystems.

**FIRST CLAIM FOR RELIEF AGAINST HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, ORACLE CORPORATON, ORACLE AMERICA, INC. AND ORACLE CORPORATION LONG TERM DISABILITY PLAN FOR ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEY FEES AND COSTS**

16. Plaintiff refers to and incorporates by reference paragraphs 1 through 15 as though fully set forth herein.

17. At all times herein mentioned, Plaintiff was a covered participant under the terms and conditions of the Plan.

18. Plaintiff was an employee of Sun Microsystems at the time she became disabled. In accordance with the terms of her employment with Sun Microsystems, she was entitled to lifetime benefits.

19. On January 14, 2011, Oracle notified Plaintiff that it was making changes to the funding and administration of the Plan. The Plan was to be funded by a policy of insurance issued by Hartford. Oracle explained that the change in funding and administration would not change the plan or benefits applicable to Plaintiff's claim in any way.

20. On April 2, 2020, Plaintiff was advised by Hartford that her claim was denied per the policy which provided that the maximum duration of benefits is to age 65 for Age of Onset of Disability of 60 or younger. This letter set forth appeal rights under ERISA.

21. On July 13, 2020, Oracle affirmed Hartford's decision to terminate Plaintiff's benefits as of her 65th birthday.

22. On September 24, 2020, Plaintiff submitted two separate appeals of the denial of disability benefits, one to Oracle and one to Hartford.

23. On October 27, 2020, Oracle advised Plaintiff that "[w]e have been looking into the concerns raised.  In addition, we understand that Ms. Thompson has filed an appeal with the Hartford with respect to the termination of her LTD benefits as of her 65th birthday.  We will wait for Hartford to complete their review of her appeal in accordance with ERISA's claims procedures."

24. On November 12, 2020, Hartford denied Plaintiff's appeal.

25. Oracle has yet to respond to Plaintiff's appeal.  Oracle is well beyond the 45-day deadline.

26. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully deprived her of the benefits to which she is entitled and acted in violation of Plan Documents and/or Amendments to Plan documents and by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

27. Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan. To the extent that other requirements were not fulfilled, Plaintiff was excused from performing the same because of the doctrines of exhaustion, deemed exhausted, and of futility.

28. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered a loss of disability benefits, the exact amount will be proven at trial.

*IN THE ALTERNATIVE*

**SECOND CLAIM FOR RELIEF AGAINST ORACLE CORPORATION AND ORACLE AMERICA, INC. FOR BREACH OF EMPLOYMENT CONTRACT**

29. Plaintiff refers to and incorporates by reference paragraphs 1 through 15 as though fully set forth herein.

30. On October 24, 2000, Sun Microsystems made Plaintiff a written offer of employment.  Plaintiff made a counter-offer and specifically sought "lifetime" disability

benefits. Sun Microsystems' counteroffer was accepted and documented in a letter dated October 25, 2000 setting forth the terms of Plaintiff's offer of employment. (Exh. 1) Plaintiff accepted Sun Microsystems' offer by signing the October 25, 2000 letter on the line which noted "Acknowledged and accepted" and setting forth her start date and month and day of birth. As a result, Sun Microsystems and Plaintiff entered into a binding contract. (Exh. 1)

31. The consideration set forth in the contract dated October 25, 2011 was fair and reasonable. Plaintiff had offers from other employers. Plaintiff accepted employment with Sun Microsystems in exchange for life time disability benefits among other things and commenced her employment with Sun Microsystems.

32. Plaintiff has performed all conditions and promises required on her part to be performed in accordance with the terms and conditions of the contract.

33. In January 2010, the acquisition of Sun Microsystems by Oracle Corporation was completed. Oracle purchased all of Sun Microsystems' assets, and assumed responsibility for all of its liabilities, including contracts entered into by Sun Microsystems with its employees, including Plaintiff. Oracle is responsible for honoring the contract between Plaintiff and Sun Microsystems.

34. The contract contains an implied covenant of good faith and fair dealing which means that Oracle must deal fairly with Plaintiff and honor the terms of the contract. Oracle has acted in bad faith and violated the implied covenant of good faith and fair dealing.

35. As a proximate result of the wrongful conduct of Oracle, Plaintiff has damages for the amounts owed under the contract, the exact amount will be proven at trial.

**THIRD CLAIM FOR RELIEF AGAINST ORACLE CORPORATION AND ORACLE AMERICA IN. FOR TORTIOUS DENIAL OF THE EXISTENCE OF A CONTRACT**

36. Plaintiff refers to and incorporates by reference paragraphs 1 through 15 and 29 through 35 as though fully set forth herein.

37. On or about October 25, 2000, Sun Microsystems and Plaintiff entered into a contract. (Exh. 1)

38. The consideration set forth in the contract dated October 25, 2011 was fair and

1  reasonable.  Plaintiff had offers from other employers.  Plaintiff accepted employment with Sun Microsystems in exchange for lifetime disability benefits among other things and commenced her employment with Sun Microsystems.

39. Plaintiff has performed all conditions and promises required on her part to be performed in accordance with the terms and conditions of the contract.

40. In January 2010, the acquisition of Sun Microsystems by Oracle Corporation was completed.  Oracle purchased all of Sun Microsystems' assets, and assumed responsibility for all of its liabilities, including contracts entered into by Sun Microsystems with its employees, including Plaintiff.  Oracle is responsible for honoring the contract between Plaintiff and Sun Microsystems.

41. Oracle has a copy of the written contract in its possession. (Exh. 1).  Indeed, Oracle provided a copy of Plaintiff's personnel folder which contained the written contract during the ERISA appeal process.

42. Oracle has denied liability by denying that the provision in the contract requires Oracle to pay lifetime disability benefits.  Oracle has denied this provision in bad faith and without probable cause.

43. As a proximate result of the wrongful conduct of Oracle, Plaintiff has damages for the amounts owed under the contract, the exact amount will be proven at trial.

44. As a proximate result of the wrongful conduct of Oracle, Plaintiff has suffered, and will continue to suffer in the future, damages under the contract, plus interest, for a total amount to be shown at the time of trial.

45. As a further proximate result of the wrongful conduct of Oracle, Plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiff's general damage in a sum to be determined at the time of trial.

46. As a further proximate result of the wrongful conduct of Oracle, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the contract.  Oracle is liable to Plaintiff for those attorney fees reasonably necessary and incurred by Plaintiff to obtain Policy benefits in a sum to be determined at the time of trial.

47. Oracle's conduct described herein was intended by Oracle to cause injury to Plaintiff, was despicable conduct carried on by Oracle with a willful and conscious disregard of the rights of Plaintiff, subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Oracle with the intention to deprive Plaintiff of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Fidelity.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan;

3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorney fees reasonably incurred in pursuing this action; and,

4. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and,

5. Such other and further relief as this Court deems just and proper.

**In the alternative,**

6. Damages for failure to pay past amounts due under the contract and an order that future amounts due under the contract shall be paid for the life of Plaintiff;

7. General damages for mental and emotional distress and other incidental damages in the sum of $1,000,000;

8. Punitive and exemplary damages in an amount to be proven at trial;

9. Attorney fees reasonably incurred to obtain the amounts owed under the contract;

10. Costs of suit incurred herein; and,

11. Such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: January 4, 2021 | KANTOR & KANTOR, LLP |
| | By: _/s/ Glenn R. Kantor_<br>       Glenn R. Kantor<br>       Attorneys for Plaintiff<br>       ELISA THOMPSON |

EXHIBIT 1

Sun Microsystems, Inc.
901 San Antonio Road, Palo Alto, CA 94303-4900

October 25, 2000



Elisa J Thompson
217 Ada Avenue #30
Mountain View, CA 94043

Dear Elisa:

Congratulations! We feel that you have what it takes to be part of our success story and we would like you to join our team. Sun Microsystems is a proven leader in global technology. The talented employees that Sun hires are responsible for its place as a Fortune 500 leader in enterprise network computing, with approximately $15.7 billion in revenues and operations in 170 countries.

We are pleased to offer you the position of Strategic Account Representative C, reporting to Anthony Siress located at our Menlo Park, California office. You will be paid a bi-weekly, base salary rate of $5,384.62 ($140,000.00 annualized), plus benefits. Your annual Incentive Bonus potential is 60,000.00. Your on-target annual earnings at plan will be $200,000.00. Details of your on-target earnings and are outlined in the Sales Compensation Plan which will be provided by your manager. This offer is contingent upon the successful completion of the Sunscreen process.

You will receive a recoverable, monthly draw of $3,750.00. Should you leave Sun prior to full recovery of the draw, any amounts outstanding will be deducted from your final pay, bonuses, commissions and accrued vacation and you will be responsible for reimbursement of any remainder.

In addition, we are offering you a long term disability benefit with a life time benefit period.

You will also receive a monthly car allowance of $450.00.

We are also offering you a non-qualified stock option to purchase 1,500 shares of Sun's Common Stock, subject to the approval of the Board of Directors of this grant at the Board's next meeting following your start date in accordance with the terms of Sun's stock option plan. Sun recently announced a 2-for-1 stock split. If you start your employment on or before November 8, 2000, the number of shares subject to your option included in this offer will be eligible for the stock split. If your employment with Sun begins after November 8, 2000, your option will not be eligible for the stock split because it will be approved and granted after the Record Date for the stock split. Under the terms of Sun's Plan, the option exercise price will be the Fair Market Value of a share of Sun's Common Stock on the date of grant. The shares subject to the option vest at a rate of 20% per annum.

What you need to do:

- Sign and date the enclosed original of this letter and return it in the enclosed envelope to confirm your acceptance. Retain the duplicate for your records.

- Please complete the Sun Microsystems, Inc. Employee Proprietary Information Agreement. This agreement must be signed, without modification, on your first day of work. If you have any questions regarding the Employee Proprietary Information Agreement, or any general benefit questions, please feel free to call SunDial, Sun's HR Answer Center, at 1-888-953-4300 between the hours of 5:30 a.m. and 6:00 p.m. PST, Monday through Thursday, or Friday 5:30-4:00.

- To schedule your New Hire Orientation, Arriving @ Sun, please call SunDial at 1-888-953-4300 no later than Thursday at noon prior to your start date to make your reservation. Orientation will be held on Monday, the first day of your employment. Please be sure to say you are registering for New Hire Orientation.

- On your first day of employment please bring all of the forms included in the accompanying package. Please also provide documentary evidence of your identity and eligibility for employment in the United States. This documentation is necessary for compliance with the Federal Immigration Law (Immigration Reform and Control Act of 1986). The required documentation is described in the accompanying package.

**What you need to know:**

- This offer is valid for five (5) business days following your receipt of this letter. The terms and conditions of this offer letter supersede any prior written or oral communications to you concerning employment at Sun.

- All required documentation must be received by SunDial on your first day of employment to avoid a delay in your first paycheck and medical/dental coverage. This will be coordinated during your orientation session.

- If your start date changes, please notify Bunny Jamal at 650-336-0591, as well as SunDial at 1-888-953-4300.

- We are enclosing an ADA Evaluation Form that includes essential job activities and job site information. Should you need a reasonable accommodation to perform the essential job functions, please request one through your manager.

- Sun Microsystems, Inc. is a supplier to Federal and State governments and, as such, is expected to comply with the Drug Free Workplace Act. Enclosed is a copy of SMI's Drug Free Workplace Policy. Compliance with this policy is a condition of employment for employees of SMI and its subsidiaries in the United States. If you have questions regarding this policy, please feel free to contact SunDial at 1-888-953-4300.

I look forward to a favorable reply and to welcoming you to Sun.

Sincerely,

*Nancy Abel*

Nancy Abel
Sun Microsystems Staffing

_____   10-25-2000   10-30-2000   6/8
Acknowledged and accepted         Date         Start date    Birthdate MM/DD
508382/110-171-6281/so/bj/rev

# EXHIBIT 4

201006112023926

THOMPSON, ELISA
1274 - 193104

SUN MICROSYSTEMS, INC.   LTD

NAME Elisa Thompson
ADDRESS ~~26 Cove Road~~ 96 Miller Rd   S.S. No. ███
CITY, STATE, ZIP South Hampton, NY 11968-~~1708~~   TELEPHONE ~~631-204-1256~~ 631-766-7979

CLIENT Sun Microsystems Inc.
PLAN No. 501L-70   LOCATION 04   VP/STD CLAIM No. 181220

Sex [ ] Male [✓] Female

Date of Birth              6|8|55           [ ] Verified   Age at D/D _____
Date of Hire               10|30|00
Plan Participation Began   10|30|00         Pre-X Period  5|1|00 - 10|30|00
DATE OF DISABILITY         7-29-01          Waiting Period _____

Benefit Begin Date         10|27|01
Diagnosis Displacement of Lumbar Disc
Occupation Sales Development Manager

KEY DATES:

Any Occ Definition Applies As Of:        7|29|03
Must Qualify for SS As Of:               7|29|03
Mental/Nervous Exclusion Applies As Of:  __|__|__
Other: _____        __|__|__
Maximum Duration: [ ] T65   [ ] ADEA     __|__|__

LTD BENEFIT: (Reported Salary: $200,000  per year )
Monthly Salary: $16,666.66  x  70  % = Monthly Benefit $11,666.66

G:\Disability\Forms\LTD Coversheet.doc

Supp = $1749.99

2010061120239926

| OFFSETS: | Effective | Paid Thru | Wkly Rate | Monthly Rate |
|---|---|---|---|---|
| SS Disability: Primary | |___ | ___ | ___ | ___ |
| Dependent | |___ | ___ | ___ | ___ |
| SS Retirement: Primary | |___ | ___ | ___ | ___ |
| Dependent | |___ | ___ | ___ | ___ |
| SDI/VP/STD: | |___ | ___ | ___ | ___ |
| WC: | |___ | ___ | ___ | ___ |
| | |___ | ___ | ___ | ___ |
| | |___ | ___ | ___ | ___ |
| | |___ | ___ | ___ | ___ |
| Other: | |___ | ___ | ___ | ___ |

SOCIAL SECURITY:

Application Filed: ___/___/___   [] Denied ___/___/___   [] Approved ___/___/___

Request for Reconsid: ___/___/___   [] Denied ___/___/___   [] Approved ___/___/___

Request for Hearing: ___/___/___   [] Denied ___/___/___   [] Approved ___/___/___

DEPENDENT INFORMATION:

Spouse _____   DOB: ___/___/___   Age 62: ___/___/___

Child _____   DOB: ___/___/___   Age 18: ___/___/___

Child _____   DOB: ___/___/___   Age 18: ___/___/___

| DOCUMENTS NEEDED: | Requested | Date Due | Date Received |
|---|---|---|---|
| WCRA | ___ | ___ | ___ |
| 3RD Party RA | ___ | ___ | ___ |
| SS RA | ___ | ___ | ___ |
| SS App. Receipt | ___ | ___ | ___ |
| SS Notice of Award | ___ | ___ | ___ |
| Dependent Quest. | ___ | ___ | ___ |
| JD | ___ | ___ | ___ |
| TE & E | ___ | ___ | ___ |
| Medical Records: | ___ | ___ | ___ |
| Medical Records: | ___ | ___ | ___ |
| Medical Records: | ___ | ___ | ___ |

G:\Disability\Forms\LTD Coversheet.doc