Glenn R. Kantor – State Bar No. 122643
  E-mail: gkantor@kantorlaw.net
Anna Martin – State Bar No. 154279
  E-mail: amartin@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
ELISA THOMPSON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELISA THOMPSON, | CASE NO: 21-cv-00026 YGR SK |
| Plaintiff, | **PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| ORACLE CORPORATION; ORACLE AMERICA, INC.; ORACLE CORPORATION LONG TERM DISABILITY PLAN; AND HARTFORD LIFE & ACCIDENT INSURANCE COMPANY | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, Elisa Thompson ("Plaintiff") herein sets forth the allegations of her First Amended Complaint against Defendants Oracle Corporation and Oracle America, Inc. ("hereinafter jointly referred to as Oracle"), Oracle Corporation Long Term Disability Plan ("the Plan") and Hartford Life and Accident Insurance Company ("Hartford").

**PRELIMINARY ALLEGATIONS**

1.      "Jurisdiction" – Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.  The Plaintiff is currently a citizen and resident of the State of New York, and the Defendants, Oracle America, Inc., Oracle and the Plan, are incorporated in the State of Delaware

and their principal place of business is in the State of California.  Hartford is a corporation with Connecticut being its principal place of business and its State of Incorporation.

2.      In the alternative, this action is brought under 29 U.S.C. Sections 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under employee benefit plans regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. Sections 1331, as this action involves a federal question. This action is brought to obtain benefits and to clarify and enforce Plaintiff's past, present and future rights to benefits under all of the employee benefit plans; to obtain other equitable relief, including but not limited to, benefits under a long term disability plan, an equitable surcharge equal to the amount of benefits owed, or reformation of the Plan to reflect the promise made to Plaintiff in a separate written employment agreement.  Plaintiff is also entitled to her attorney fees and costs.

3.       "Intradistrict Assignment" – Intradistrict assignment is proper in the San Francisco or San Jose Division of the Northern District of California because the events giving rise to this lawsuit occurred in San Mateo and/or Santa Clara Counties.

4.      In or about October 2000, Plaintiff was seeking new employment with a technology company.   She was negotiating with both Intel Corporation, and with Sun Microsystems.  In October 2000, Plaintiff received written employment offers from both Intel Corporation and Sun Microsystems.

5.      On October 24, 2000, Sun Microsystems made Plaintiff a written offer of employment. At the time the employment negotiations were taking place, Plaintiff was concerned about a pre-existing medical condition which she had suffered from as a child, which she was concerned would reappear and potentially render her unable to continue to work.  For that reason, she countered the offer of employment from Sun Microsystems, and specifically sought "lifetime" disability benefits.  Her counteroffer was accepted and documented in a letter dated October 25, 2000 setting forth the terms of Plaintiff's offer of employment. A true and correct copy of the October 25, 2000 employment offer letter is attached hereto as Exhibit "1" and is incorporated herein by reference.  Plaintiff relied upon the representations regarding a

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

long term disability benefit with a life time benefit period, and, as a sign of her reliance, Plaintiff accepted employment with Sun Microsystems offer by signing the October 25, 2000 letter (Exh. 1) on the line which noted "Acknowledged and accepted" and setting forth her start date and month and day of birth.

6.     Plaintiff did not purchase other disability insurance.

7.     On or about October 30, 2000, Plaintiff commenced employment with Sun Microsystems receiving the compensation set forth in Exhibit "1" which compensation included "lifetime" disability benefits.

8.     In July 2001, Plaintiff was involved in a serious accident which rendered her permanently disabled.  Her injuries were unrelated to her pre-existing condition.   After her accident, Plaintiff applied for Short Term Disability pursuant to the Sun Microsystems Self-Funded Short Term Disability Plan.   All Short Term Disability benefits to which she was eligible were paid to her.   When her Short Term Benefits were exhausted, she applied for benefits pursuant to the Sun Microsystems Self-Funded Long Term Disability Plan.   Her benefit claim was approved, and she began to receive Long Term Disability Benefits.  As a result, Plaintiff became a vested participant in the Long Term Disability Plan.  Plaintiff's benefits were accrued and vested and survived termination of employment. Both the Sun Microsystems Short and Long Term Benefit Disability Plans were self-funded by Sun Microsystems.   Both the Short and Long Term Plans were administered by Matrix Absence Management in its capacity as a Third Party Administrator of disability benefits.

9.     Plaintiff received monthly benefits from Sun Microsystems from late 2001, through early 2010.  Attached as Exhibit "2" is a copy of a Matrix Worksheet which set forth her annual income and monthly benefit.

10.    The continued payment of disability benefits demonstrates that Plaintiff's such benefits were accrued and vested and survived any termination of employment.

11.    In January 2010, the acquisition of Sun Microsystems by Oracle was completed. Oracle purchased all of Sun Microsystems' assets, and assumed responsibility for all of its liabilities, including its welfare benefit plan and employee agreement obligations, which

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

included the obligation to continue to pay Plaintiff's disability benefits during her lifetime.

12.     Plaintiff is informed and believes that Oracle had a Long Term Disability Plan in effect at the time it purchased Sun Microsystems, and that it provided Long Term Disability coverage to the Sun Microsystems' employees who became employees of Oracle.   Plaintiff is further informed and believes that Oracle and/or the Plan assumed liability for administering and paying the claims of all Sun Microsystems employees who were receiving disability benefits at the time of the acquisition of Sun Microsystems by Oracle, including those employees who were promised employee benefits pursuant to an employment agreement.  Plaintiff is further informed and believes that on or about January 2011, Oracle and the Plan funded at least some of the plan benefits via the purchase of a group long term disability policy from Hartford.

13.     Plaintiff is informed and believes that the Plan is an employee welfare benefit plan regulated by ERISA. Oracle, established the Plan and is the Plan Sponsor. Plaintiff is entitled to long term disability benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains totally disabled and for long as she lives as required under the terms of the Plan and the written employment agreement.   The Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

14.     Defendant Hartford can be found in this judicial district and the Plan is administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. Section 1132(e)(2) (special venue rules applicable to ERISA actions).

15.     On April 2, 2020, Plaintiff was advised by Hartford that her claim was denied per the policy which provided that the maximum duration of benefits is to age 65 for Age of Onset of Disability of 60 or younger.  This was the first time that Plaintiff learned that Defendants breached the employment agreement.

16.     On July 13, 2020, Oracle affirmed Hartford's decision to terminate Plaintiff's benefits as of her 65th birthday.

17.     On September 24, 2020, in the event that ERISA governed this matter, Plaintiff submitted two separate appeals of the denial of disability benefits, one to Oracle and one to Hartford.

18.     On October 27, 2020, Oracle advised Plaintiff that "[w]e have been looking into the concerns raised.  In addition, we understand that Ms. Thompson has filed an appeal with the Hartford with respect to the termination of her LTD benefits as of her 65th birthday.  We will wait for Hartford to complete their review of her appeal in accordance with ERISA's claims procedures."

19.     On November 12, 2020, Hartford denied Plaintiff's appeal.

20.     Oracle has yet to respond to Plaintiff's appeal.  Oracle is well beyond the 45-day ERISA deadline to do so.

21.     Plaintiff is informed and believes that the LTD Plan, at least in part, is insured by Hartford by virtue of the Policy. Under the terms of the Plan, the Policy was an "Incorporated Document" and was expressly incorporated into the Plan Document. Plaintiff is further informed and believes that the Policy had an anniversary date on or after April 1, 2012. Plaintiff is further informed and believes that the Policy was amended or renewed on or after April 1, 2012. Plaintiff is further informed and believes that the Policy remained in force after April 1, 2012. Plaintiff is informed and believes that Hartford may not exercise discretion to determine benefits as any language bestowing discretion on Hartford is void pursuant to California Insurance Code Section 10110.6.

22.     Plaintiff is informed and believes that the Policy was issued with the intent to insure employees of Oracle, including all former active, full-time and part-time employees of Sun Microsystems and those employees who were provided benefits in accordance with a written employment agreement.

## FIRST CLAIM FOR RELIEF AGAINST ORACLE CORPORATION AND ORACLE AMERICA, INC. FOR BREACH OF EMPLOYMENT CONTRACT

23.     Plaintiff refers to and incorporates by reference paragraphs 1 through 22 as though fully set forth herein.

24.     On October 24, 2000, Sun Microsystems made Plaintiff a written offer of employment.  Plaintiff made a counter-offer and specifically sought "lifetime" disability benefits.  Sun Microsystems' counteroffer was accepted and documented in a letter dated

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

October 25, 2000 setting forth the terms of Plaintiff's offer of employment. (Exh. 1) Plaintiff accepted Sun Microsystems' offer by signing the October 25, 2000 letter on the line which noted "Acknowledged and accepted" and setting forth her start date and month and day of birth.  As a result, Sun Microsystems and Plaintiff entered into a binding contract. (Exh. 1)

25.     The consideration set forth in the contract dated October 25, 2000 was fair and reasonable.  Plaintiff had offers from other employers.  Plaintiff accepted employment with Sun Microsystems in exchange for life time disability benefits among other things and commenced her employment with Sun Microsystems.

26.     Plaintiff has performed all conditions and promises required on her part to be performed in accordance with the terms and conditions of the contract.

27.     In January 2010, the acquisition of Sun Microsystems by Oracle Corporation was completed.   Oracle purchased all of Sun Microsystems' assets, and assumed responsibility for all of its liabilities, including contracts entered into by Sun Microsystems with its employees, including Plaintiff.  Oracle is the responsible party and is liable as Plaintiff's disability benefits as extended by the employment contract between Plaintiff and Sun Microsystems.

28.     The contract contains an implied covenant of good faith and fair dealing which means that Oracle must deal fairly with Plaintiff and honor the terms of the contract.  Oracle has acted in bad faith and violated the implied covenant of good faith and fair dealing.

29.     As a proximate result of the wrongful conduct of Oracle, Plaintiff has damages for the amounts owed under the contract, the exact amount will be proven at trial.

**SECOND CLAIM FOR RELIEF SECOND CLAIM FOR RELIEF AGAINST ORACLE CORPORATION AND ORACLE AMERICA, INC. FOR PROMISSORY ESTOPPEL**

30.     Plaintiff refers to and incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

31.     Defendants made a clear and unambiguous promise to Plaintff that if she accepted employment from Sun Microsystems/Oracle, that she would be provided with "a long term disability benefit with a life time benefit period."

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

32.     Defendants breached this promise by refusing to pay Plaintiff a long term disability benefit with a life time benefit period.

33.     Plaintiff first learned of this breach on April 2, 2020.

34.     Plaintiff relied upon Defendants' promise regarding a long term disability benefit with a life time benefit period, and, as a sign of her reliance, Plaintiff accepted employment with Defendants.  Additionally, Plaintiff did not pursue the purchase of other disability insurance. Plaintiff's reliance on Defendants' promise was foreseeable since the promise was an inducement for Plaintiff to become employed by Sun Microsystems/Oracle.

35.     As a result of Defendants' breaches, Plaintiff has suffered an injury as a result of Defendants' behavior in the form of reduced benefits under the Plan or some other Plan. The only method of avoiding the injustice of the injuries sustained by Plaintiff as alleged in this First Amended Complaint is to enforce the promise Defendants made to Plaintiff to provide a long term disability benefit with a life time benefit period.

36.     As a result of Defendants conduct toward Plaintiff and the conduct proximately caused by them, as alleged in this First Amended Complaint, Plaintiff has suffered the loss of disability benefits of which she was promised.

## THIRD CLAIM FOR RELIEF SECOND CLAIM FOR RELIEF AGAINST ORACLE CORPORATION AND ORACLE AMERICA, INC. FOR FRAUDULENT MISREPRESENTATION

37.     Plaintiff refers to and incorporates by reference paragraphs 1 through 36 above as those fully set forth herein.

38.     Defendants fraudulently misrepresented to Plaintiff that she would be entitled to "a long term disability benefit with a life time benefit period" if she accepted employment.

39.     Such representation was untrue and known to be untrue or was made recklessly and was made with the intention to cause Plaintiff to enter into an employment agreement to work for Defendants rather than some other employer.

40.     Such representations were made with Defendants' knowledge that the promise would not be kept and that no mechanism to provide such benefits would be created.

41.     Plaintiff was justified in relying upon the representation of Defendants.  Plaintiff was particularly justified in relying on such representation as it was set forth in a written employment agreement.  This was not an oral representation.

42.     Plaintiff relied upon such misrepresentation to her detriment in that she came to work for Defendants, but Defendants have now refused to provide a long term disability benefit with a life time benefit period and did not purchase other disability coverage.

43.     Defendant's fraudulent conduct proximately caused Plaintiff to suffer the loss of long term disability benefits with a lifetime benefit period and to suffer continuing severe mental and emotional distress.

## FOURTH CLAIM FOR RELIEF SECOND CLAIM FOR RELIEF AGAINST ORACLE CORPORATION AND ORACLE AMERICA, INC. FOR NEGLIGENT MISREPRESENTATION

44.     Plaintiff refers to and incorporates by reference paragraphs 1 through 43 above as those fully set forth herein.

45.     Defendants negligently and/or recklessly misrepresented to Plaintiff that she would be entitled to "a long term disability benefit with a life time benefit period" if she accepted employment.

46.     Defendants had a duty to speak with care regarding the promised compensation and benefits, especially long term disability benefits.

47.     Such representation was made with the intention to cause Plaintiff to enter into an employment agreement to work for Defendants rather than some other employer.

48.     Plaintiff was justified in relying upon the representation of Defendants.  Plaintiff was particularly justified in relying on such representation as it was set forth in a written employment agreement.

49.     Plaintiff relied upon such misrepresentation to her detriment in that she came to work for Defendants, but Defendants have now refused to provide a long term disability benefit with a life time benefit period and did not purchase other disability coverage.

50.     Defendant's unreasonable and/or reckless conduct proximately caused Plaintiff to

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

1   suffer the loss of disability benefits and to suffer severe mental and emotional distress and other

2   incidental damages in an amount to be proven at trial.

3   *In the alternative,*

4   **FIFTH CLAIM FOR RELIEF AGAINST HARTFORD LIFE AND ACCIDENT**
**INSURANCE COMPANY, ORACLE CORPORATON, ORACLE AMERICA, INC. AND**

5   **ORACLE CORPORATION LONG TERM DISABILITY PLAN FOR BENEFITS**

6   **UNDER THE PLAN, ENFORCEMENT AND CLARIFICATION OF RIGHTS,**

7   **PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEY FEES AND**

8   **COSTS**

9   51.    Plaintiff refers to and incorporates by reference paragraphs 1 through 50 as

10  though fully set forth herein.

11  52.    At all times herein mentioned, Plaintiff was a covered participant under the terms

12  and conditions of the Plan.

13  53.    Plaintiff was an employee of Sun Microsystems at the time she became disabled.

14  In accordance with the terms of her employment with Sun Microsystems, she was entitled to

15  lifetime benefits.

16  54.    On January 14, 2011, Oracle notified Plaintiff that it was making changes to the

17  funding and administration of the Plan.  The Plan was to be funded by a policy of insurance

18  issued by Hartford. Oracle explained that the change in funding and administration would not

19  change the plan or benefits applicable to Plaintiff's claim in any way.

20  55.    On April 2, 2020, Plaintiff was advised by Hartford that her claim was denied per

21  the policy which provided that the maximum duration of benefits is to age 65 for Age of Onset of

22  Disability of 60 or younger.  This letter set forth appeal rights under ERISA.

23  56.    On July 13, 2020, Oracle affirmed Hartford's decision to terminate Plaintiff's

24  benefits as of her 65th birthday.

25  57.    On September 24, 2020, Plaintiff submitted two separate appeals of the denial of

26  disability benefits, one to Oracle and one to Hartford.

27  58.    On October 27, 2020, Oracle advised Plaintiff that "[w]e have been looking into

28  the concerns raised.  In addition, we understand that Ms. Thompson has filed an appeal with the

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

FIRST AMENDED COMPLAINT

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

Hartford with respect to the termination of her LTD benefits as of her 65th birthday.  We will wait for Hartford to complete their review of her appeal in accordance with ERISA's claims procedures."

59.   On November 12, 2020, Hartford denied Plaintiff's appeal.

60.   Oracle has yet to respond to Plaintiff's appeal.  Oracle is well beyond the 45-day deadline.

61.   Plaintiff is informed and believes and thereon alleges that Defendants wrongfully deprived her of the benefits to which she is entitled and acted in violation of Plan Documents and/or Amendments to Plan documents and by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

62.   Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan. To the extent that other requirements were not fulfilled, Plaintiff was excused from performing the same because of the doctrines of exhaustion, deemed exhausted, and of futility.

63.   As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered a loss of disability benefits, the exact amount will be proven at trial.

**SIXTH CLAIM FOR RELIEF FOR BREACH OF FIDUCIARY DUTY AND EQUITABLE RELIEF UNDER ERISA 29 U.S.C. § 1132(a) AGAINST HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, ORACLE CORPORATON, ORACLE AMERICA, INC. AND ORACLE CORPORATION LONG TERM DISABILITY PLAN**

64.   Plaintiff incorporates by reference paragraphs 1 through 63 above as though fully set forth herein.

65.   Oracle is the Plan Administrator for the Plan and a named fiduciary.

66.   As Plan Administrator for the Plan, Oracle owes a fiduciary duty to particpants and beneficiaries of the Plan, including Plaintiff.

67.   Hartford is the Claims Administrator for the Plan and a named fiduciary.

68.   As Claims Administrator for the Plan, Hartford owes a fiduciary duty to

participants and beneficiaries of the Plan, including Plaintiff.

69.     Oracle breached its fiduciary duties under ERISA in the following respects:

(a) Failing to provide long term disability benefits with a life time premium to Plaintiff under the Plan in accordance with the employment agreement.

(b) Failing to create a class under the Plan for any participants who received long term disability benefits with a life time benefit period, including Plaintiff.

(c) Refusing to pay benefits under the Plan in accordance with the employment agreement.

(d) Denying in bad faith that Plaintiff is owed long term disability benefits with a life time benefit period despite a written contract that provides otherwise.

(e) Violating the standard of care mandated by ERISA.

70.     Hartford breached its fiduciary duties under ERISA in the following respects:

(a) Failing to provide long term disability benefits with a life time premium to Plaintiff under the Plan in accordance with the employment agreement.

(b) Failing to create a class under the Plan for any participants who received long term disability benefits with a life time benefit period, including Plaintiff.

(c) Refusing to pay benefits under the Plan in accordance with the employment agreement.

(d) Violating the standard of care mandated by ERISA.

71.     At all times relevant, Defendants were ERISA fiduciaries and owed Plaintiff all the duties prescribed under ERISA, including without limitation those set forth in 29 U.S.C. Section 1104(a).

72.     Defendants breached said duties by, among other things, failing to discharge their duties soley in the interest of, and for the exclusive purpose of, providing benefits to participants, including Plaintiff.  Further, Defendants breached said duties by failing to discharge their duties with care, skill, prudence and diligence under the circumstances then prevailing that a prudent fiduciary acting in a like capacity and familiar with such matters.

73.     As a proximate result of the aforementioned breach of fiduciar duty by

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

Defendants, Plaintiff has damages for loss of long term disability benefits in a sum to be shown at the time of trial.

74.     Plaintiff is entitled to relief pursuant to 29 U.S.C. Ssection 1132 (a), including but not limited to, equitable surcharge and/or reformation of the Plan.

75.     As a further direct and proximate result of this breach of fiduciary duty, Plaintiff in pursuing this action, has been required to incur attorney fees and costs.  Pursuant to 29 U.S. C. Section 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

76.     The wrongful conduct of Defendants has creaed uncertainty where none should exist, therefore, Defendant is entitled to equitable remedies to remove that uncertainty.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS FOR EQUITABLE ESTOPPEL

77.     Plaintiff refers to and incorporates by reference paragraphs 1 through 76 as though fully set forth herein.

78.     Defendants made clear representations to Plaintff that if she accepted employment from Sun Microsystems/Oracle, that she would be provided with "a long term disability benefit with a life time benefit period."

79.     Defendants now refuse to pay Plaintiff a long term disability benefit with a life time benefit period which is contrary to representations that defendants made previously.

80.     Plaintiff relied upon Defendants' representations regarding a long term disability benefit with a life time benefit period, and, as a sign of her reliance, Plaintiff accepted employment with Defendants.  Additionally, Plaintiff did not purchase other disability insurance due to this reliance. Plaintiff's reliance on Defendants' representation was foreseeable since the representation was an inducement for Plaintiff to become employed by Sun Microsystems/Oracle.

81.     Plaintiff was ignorant of the true facts that Defendants had not created a mechanism for a long term disability benefit with a lifetime benefit period.

82.     Plaintiff's position has been changed detrimentally as a result of Defendants' representations in the form of reduced benefits under the Plan or another some other Plan. The

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

only method of avoiding the injustice sustained by Plaintiff as alleged in this First Amended Complaint is to enforce the representations Defendants made to Plaintiff to provide a long term disability benefit with a life time benefit period.

83.     As a result of Defendants' conduct toward Plaintiff and the conduct proximately caused by them, as alleged in this First Amended Complaint, Plaintiff has suffered the loss of life time disability benefits.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Oracle as follows:

1.     Damages for failure to pay past amounts due under the contract and an order that future amounts due under the contract shall be paid for the life of Plaintiff for as long as she remains disabled;

2.     General damages for mental and emotional distress and other incidental damages in the sum of $500,000;

3.     Attorney fees reasonably incurred to obtain the amounts owed under the contract;

4.     Costs of suit incurred herein; and,

5.     Such other and further relief as this Court deems just and proper.

***In the alternative***

Plaintiff prays for relief against Defendants as follows:

6.     Payment of disability benefits due Plaintiff;

7.     An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan and creation of a class which provides benefits to Plaintiff for as long as she remains disabled through the remainder of her life;

8.     Payment of disability benefits due Plaintiff or the equitable equivalent by way of a finding of surcharge in the amount equal to the disability benefits that should have been provided by the Plan as required in the employment agreement.

9.     Reformation of the Plan such that benefits are paid without reference to any provision that may limit benefits to age 65 or some other time period.

10.     Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorney fees reasonably incurred in pursuing this action; and,

11.     Payment of prejudgment and post-judgment interest as allowed for under ERISA; and,

12.     Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: March 19, 2021                          KANTOR & KANTOR, LLP


By:    */s/ Anna M. Martin*
        Anna M. Martin
        Attorneys for Plaintiff
        ELISA THOMPSON

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

EXHIBIT 1

October 25, 2000



Elisa J Thompson
217 Ada Avenue #30
Mountain View, CA 94043

Dear Elisa:

Congratulations!  We feel that you have what it takes to be part of our success story and we would like you to join our team.  Sun Microsystems is a proven leader in global technology.  The talented employees that Sun hires are responsible for its place as a Fortune 500 leader in enterprise network computing, with approximately $15.7 billion in revenues and operations in 170 countries.

We are pleased to offer you the position of Strategic Account Representative C, reporting to Anthony Siress located at our Menlo Park, California office. You will be paid a bi-weekly, base salary rate of $5,384.62 ($140,000.00 annualized), plus benefits. Your annual Incentive Bonus potential is 60,000.00.  Your on-target annual earnings at plan will be $200,000.00.  Details of your on-target earnings and are outlined in the Sales Compensation Plan which will be provided by your manager.  This offer is contingent upon the successful completion of the Sunscreen process.

You will receive a recoverable, monthly draw of $3,750.00.  Should you leave Sun prior to full recovery of the draw, any amounts outstanding will be deducted from your final pay, bonuses, commissions and accrued vacation and you will be responsible for reimbursement of any remainder.

In addition, we are offering you a long term disability benefit with a life time benefit period.

You will also receive a monthly car allowance of $450.00.

We are also offering you a non-qualified stock option to purchase 1,500  shares of Sun's Common Stock, subject to the approval of the Board of Directors of this grant at the Board's next meeting following your start date in accordance with the terms of Sun's stock option plan.  Sun recently announced a 2-for-1 stock split.  If you start your employment on or before November 8, 2000, the number of shares subject to your option included in this offer will be eligible for the stock split.  If your employment with Sun begins after November 8, 2000, your option will not be eligible for the stock split because it will be approved and granted after the Record Date for the stock split.  Under the terms of Sun's Plan, the option exercise price will be the Fair Market Value of a share of Sun's Common Stock on the date of grant.  The shares subject to the option vest at a rate of 20% per annum.

## What you need to do:

- Sign and date the enclosed original of this letter and return it in the enclosed envelope to confirm your acceptance. Retain the duplicate for your records.

- Please complete the Sun Microsystems, Inc. Employee Proprietary Information Agreement.  This agreement must be signed, without modification, on your first day of work.  If you have any questions regarding the Employee Proprietary Information Agreement, or any general benefit questions, please feel free to call SunDial, Sun's HR Answer Center, at 1-888-953-4300 between the hours of 5:30 a.m. and 6:00 p.m. PST, Monday through Thursday, or Friday 5:30-4:00.

- To schedule your New Hire Orientation, Arriving @ Sun, please call SunDial at 1–888–953–4300 no later than Thursday at noon prior to your start date to make your reservation.  Orientation will be held on Monday, the first day of your employment.  Please be sure to say you are registering for New Hire Orientation.

- On your first day of employment please bring all of the forms included in the accompanying package.  Please also provide documentary evidence of your identity and eligibility for employment in the United States.  This documentation is necessary for compliance with the Federal Immigration Law (Immigration Reform and Control Act of 1986).  The required documentation is described in the accompanying package.

**What you need to know:**

- This offer is valid for five (5) business days following your receipt of this letter.  The terms and conditions of this offer letter supersede any prior written or oral communications to you concerning employment at Sun.

- All required documentation must be received by SunDial on your first day of employment to avoid a delay in your first paycheck and medical/dental coverage.  This will be coordinated during your orientation session.

- If your start date changes, please notify Bunny Jamal at 650–336–0591, as well as SunDial at 1–888–953–4300.

- We are enclosing an ADA Evaluation Form that includes essential job activities and job site information.  Should you need a reasonable accommodation to perform the essential job functions, please request one through your manager.

- Sun Microsystems, Inc. is a supplier to Federal and State governments and, as such, is expected to comply with the Drug Free Workplace Act.  Enclosed is a copy of SMI's Drug Free Workplace Policy.  Compliance with this policy is a condition of employment for employees of SMI and its subsidiaries in the United States.  If you have questions regarding this policy, please feel free to contact SunDial at 1–888–953–4300.

I look forward to a favorable reply and to welcoming you to Sun.

Sincerely,

Nancy Abel
Sun Microsystems Staffing

| | | | |
|---|---|---|---|
| Acknowledged and accepted | Date | Start date | Birthdate MM/DD |

508382/110–171–6281/so/bj/rev

# EXHIBIT 4

201006112023926

**THOMPSON, ELISA**
1274 - 193104

SUN MICROSYSTEMS, INC.   LTD

NAME Elisa Thompson

ADDRESS 2to Cove Road 96 Miller Rd   S.S. No. ████████

CITY, STATE, ZIP South Hampton, NY   TELEPHONE 631-204-1256
11968-1708   631-7766-7979

CLIENT Sun Microsystems INC.

PLAN No 501L-70 LOCATION 04 VP/STD CLAIM No. 181220

Sex [ ] Male [✓] Female

Date of Birth 6|8|55   [] Verified   Age at D/D _____

Date of Hire 10|30|00

Plan Participation Began 10|30|00   Pre-X Period 5|1|00-10|30|00

DATE OF DISABILITY 7.29-01   Waiting Period _____

Benefit Begin Date 10|27|01

Diagnosis Displacement OF Lumbar Disc

Occupation Sales Development Manager

KEY DATES:

Any Occ Definition Applies As Of: 7|29|03

Must Qualify for SS As Of: 7|24|03

Mental/Nervous Exclusion Applies As Of: ___|___|___

Other: _____   ___|___|___

Maximum Duration: [] T65   [] ADEA   ___|___|___

LTD BENEFIT: (Reported Salary: $200,000   per year   )

Monthly Salary: $16,666.66 x 70 % = Monthly Benefit $11,666.66

G:\Disability\Forms\LTD Coversheet.doc

Supp = $1749.99

201006112023926

| OFFSETS: | Effective | Paid Thru | Wkly Rate | Monthly Rate |
|---|---|---|---|---|
| SS Disability: Primary | \|_____ | \|_____ | \|_____ | \|_____ |
| Dependent | \|_____ | \|_____ | \|_____ | \|_____ |
| SS Retirement: Primary | \|_____ | \|_____ | \|_____ | \|_____ |
| Dependent | \|_____ | \|_____ | \|_____ | \|_____ |
| SDI/VP/STD: | \|_____ | \|_____ | \|_____ | \|_____ |
| WC: | \|_____ | \|_____ | \|_____ | \|_____ |
|  | \|_____ | \|_____ | \|_____ | \|_____ |
|  | \|_____ | \|_____ | \|_____ | \|_____ |
|  | \|_____ | \|_____ | \|_____ | \|_____ |
| Other: | \|_____ | \|_____ | \|_____ | \|_____ |

SOCIAL SECURITY:

Application Filed:      __/__/__        [] Denied __/__/__        [] Approved __/__/__

Request for Reconsid:   __/__/__        [] Denied __/__/__        [] Approved __/__/__

Request for Hearing:    __/__/__        [] Denied __/__/__        [] Approved __/__/__

DEPENDENT INFORMATION:

Spouse _____        DOB: __/__/__        Age 62: __/__/__

Child _____        DOB: __/__/__        Age 18: __/__/__

Child _____        DOB: __/__/__        Age 18: __/__/__

| DOCUMENTS NEEDED: | Requested | Date Due | Date Received |
|---|---|---|---|
| WCRA | _____ | _____ | _____ |
| 3RD Party RA | _____ | _____ | _____ |
| SS RA | _____ | _____ | _____ |
| SS App. Receipt | _____ | _____ | _____ |
| SS Notice of Award | _____ | _____ | _____ |
| Dependent Quest. | _____ | _____ | _____ |
| JD | _____ | _____ | _____ |
| TE & E | _____ | _____ | _____ |
| Medical Records: | _____ | _____ | _____ |
| Medical Records: | _____ | _____ | _____ |
| Medical Records: | _____ | _____ | _____ |

G:\Disability\Forms\LTD Coversheet.doc