**LEWIS BRISBOIS BISGAARD & SMITH LLP**
GREG L. JOHNSON, SB# 132397
E-Mail: Greg.Johnson@lewisbrisbois.com
TIMOTHY J. NALLY, SB# 288728
E-Mail: Timothy.Nally@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for ORACLE CORPORATION; ORACLE AMERICA, INC an ORACLE CORPORATION LONG TERM DISABILITY PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELISA THOMPSON,

Plaintiff,

vs.

ORACLE CORPORATION; ORACLE AMERICA, INC; ORACLE CORPORATION LONG TERM DISABILITY PLAN; and HARTFORD LIFE & ACCIDENT INSURANCE COMPANY,,

Defendants.

Case No. 4:21-cv-00026-YGR

**MEMORANDUM IN SUPPORT OF DEFENDANTS ORACLE CORPORATION; ORACLE AMERICA, INC; ORACLE CORPORATION LONG TERM DISABILITY PLAN'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Date: May 25, 2021
Time: 3:30 p.m.
Crtrm.: 1, Fourth Floor

Trial Date: None Set

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................1

II. FACTUAL OVERVIEW ....................2

III. LEGAL ARGUMENT ....................4

A. Legal Standard Applicable to a Motion to Dismiss under FED. R. CIV. P. 12(b)(6). ....................4

B. Thompson's Claim under ERISA for Enforcement and Clarification of Rights Fails as a Matter of Law because the Operative Plan Document Unequivocally States that Participants Lose Eligibility for Coverage at Age 65. ....................5

C. Thompson Fails to State a Claim under ERISA for Breach of Fiduciary Duty because the Conduct She Alleges Were Not Fiduciary Acts or Were Dictated by the Plan's Terms. ....................6

D. Thompson Fails to State Claims for Breach of Employment Contract and Promissory Estoppel. ....................7

1. Thompson's Breach of Contract and Promissory Estoppel Claims are Preempted by ERISA. ....................8

2. Thompson's Breach of Contract and Promissory Estoppel Claims are Time-Barred. ....................9

3. Thompson's Breach of Contract Claim Fails because the Purported Promise is Too Indefinite to Create a Binding Obligation. ....................11

4. Thompson's Promissory Estoppel Claim Fails because the Alleged Promise was Unclear and Ambiguous. ....................12

E. Thompson Fails to State Claims for Negligent Misrepresentation because She Fails to Allege a Misrepresentation. ....................13

F. Thompson's Fraudulent and Negligent Misrepresentation Claims are Time Barred. ....................14

G. Thompson's Equitable Estoppel Clams Fails as a Matter of Law because No Such Claim Exists Under California Law. ....................15

IV. CONCLUSION ....................16



# TABLE OF AUTHORITIES

**Page**

## CASES

Acosta v. Brain, 910 F.3d 502 (9th Cir. 2018) ........ 7

Aguilar v. Int'l Longshoremen's Union Local #10, 966 F.2d 443 (9th Cir. 1992) ........ 13

Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc., 99 F. Supp. 3d 1110 (C.D. Cal. 2015) ........ 4

April Enters., Inc. v. KTTV, 147 Cal. App. 3d 805 (1983) ........ 10

Behnke v. State Farm Gen. Ins. Co., 196 Cal. App. 4th 1443 (2011) ........ 15

Billinger v. Bell Atl., 240 F. Supp. 2d 274 (S.D.N.Y. 2003) ........ 8

Campbell v. Aerospace Corp., 123 F.3d 1308 (9th Cir. 1997) ........ 8

Cisco Sys. v. STMicroelectronics, No. C-14-03236-RMW, 2015 U.S. Dist. LEXIS 71958 (N.D. Cal. June 2, 2015) ........ 15

Cunha v. Ward Foods, Inc., 804 F.2d 1418 (9th Cir. 1986) ........ 6

Denholm v. Houghton Mifflin Co., 912 F.2d 357 (9th Cir. 1990) ........ 14

DeVoll v. Burdick Painting, 35 F.3d 408 (9th Cir. 1994) ........ 8, 9

Dual Diagnosis Treatment Ctr., Inc. v. Blue Cross of Cal., No. SA CV 15-0736-DOC(DFMx), 2016 U.S. Dist. LEXIS 162166 (C.D. Cal. Nov. 22, 2016) ........ 4

Grill v. Quinn, No. CIV S-10-0757 GEB GGH PS, 2010 U.S. Dist. LEXIS 138545 (E.D. Cal. Dec. 28, 2010) ........ 15

Hobart v. Hobart Estate Co., 26 Cal. 2d 412 (1945) ........ 14

In re Luna, 406 F.3d 1192 (10th Cir. 2005) ........ 6

Knievel v. ESPN, 393 F.3d 1068 (9th Cir. 2005) ........ 4

Ladas v. Cal. State Auto. Ass'n, 19 Cal. App. 4th 761 (1993) ........ 11, 12

Laks v. Coast Fed. Sav. & Loan Ass'n, 60 Cal. App. 3d 885 (1976) ........ 13

Orange County Rock v. Cook Bros. Equip. Co., 246 Cal. App. 2d 698 (1966) ........ 14

Pegram v. Herdrich, 530 U.S. 211 (2000) ........ 6



Perez-Encinas v. Amerus Life Ins. Co., 468 F. Supp. 2d 1127 (N.D. Cal. 2006) .......... 9

Roots Ready Made Garments v. Gap Inc., No. C 07-03363 CRB, 2007 U.S. Dist. LEXIS 81108 (N.D. Cal. Oct. 18, 2007).......... 9

Ryder v. Lightstorm Entm't, Inc., 246 Cal. App. 4th 1064 (2016) ..........15

Scott v. Pac. Gas & Elec. Co., 11 Cal. 4th 454 (1995)..........11

Sequeira v. Rincon-Vitova Insectaries, 32 Cal. App. 4th 632 (1995) ..........10

Silver v. Watson, 26 Cal. App. 3d 905 (1972)..........14

Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153 (1991) ..........13, 14

Vaccaro v. Liberty Life Assurance Co., No. 16-cv-03220-BLF, 2017 U.S. Dist. LEXIS 192932 (N.D. Cal. Nov. 20, 2017) (citing |Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1160-61 (9th Cir. 2001).......... 5

**STATUTORY AUTHORITIES**

29 U.S.C. § 1104.......... 6

29 U.S.C. § 1132(a) ..........1, 2, 3

29 U.S.C. § 1132(a)(1)(B) .......... 5

29 U.S.C. § 1144(a) .......... 8

Cal. Civ. Proc. Code § 337(a) .......... 9

Cal. Civ. Proc. Code § 338(d) ..........14

**RULES AND REGULATIONS**

29 C.F.R. § 2520.104b-2..........10, 15

Fed. R. Civ. P. 12(b)(6)..........1, 4



# I. INTRODUCTION

Defendants Oracle Corporation, Oracle America, Inc. (collectively "Oracle") and Oracle Corporation Long Term Disability Plan ("the Plan") move to dismiss the First Amended Complaint filed by Plaintiff Elisa Thompson ("Thompson") under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1]

Thompson asserts five state law claims against Oracle: breach of employment contract, promissory estoppel, fraudulent misrepresentation, negligent misrepresentation, and equitable estoppel. She also asserts, alternatively, two claims against the Oracle Defendants and under the Employee Retirement Income Security Act of 1974 ("ERISA"): for recovery of benefits under the Plan and clarification of her rights to benefits under the Plan, and for breach of fiduciary duty under 29 U.S.C. § 1132(a). All of Thompson's claims are based on allegations that she was offered lifetime long-term disability ("LTD") benefits as part of an offer of employment at Sun Microsystems Inc. in October of 2000, but that her LTD benefits were terminated once she reached age 65 in 2020.

The Oracle Defendants' motion should be granted because Thompson's allegations and the materials properly examined in connection with her complaint—including the long-term disability benefit plan in effect when her disability arose and the plan in effect when her benefits were terminated—demonstrate that she has not stated a claim upon which she would be entitled to relief against the Oracle Defendants. She was paid benefits consistent with the terms of the LTD benefit plan in effect at the time of the disability, and when the at-issue benefit determination was made.

Furthermore, what she alleges to have been a contractual obligation for Oracle to pay her lifetime LTD benefits did not abrogate the Oracle Defendants' ability to amend the terms of any of its benefit plans, or render such amendments inapplicable

[1] Oracle and the Plan are referred to herein collectively as "the Oracle Defendants".

to her. In short, the Oracle Defendants owed Thompson no obligation—under either the terms of the Plan or any contract—to ensure that she received lifetime LTD benefits. In any event, her breach of contract and promissory estoppel claims are time barred inasmuch as they were brought beyond the applicable limitation periods.

Moreover, the purported misrepresentation—which Thompson alleges was a false promise to provide lifetime LTD benefits—is not actionable. Under California law, a false promise cannot form the basis of a negligent misrepresentation claim. Furthermore, misrepresentation claims are subject to a three-year statute of limitations, and a plaintiff that fails to bring a misrepresentation claim within three years of the misrepresentation must allege facts justifying the delayed discovery of the misrepresentation, which Thompson utterly fails to do.

Finally, Thompson's claim for equitable estoppel fails as a matter of law because, under California law, such a theory may be used defensively only and does not support an affirmative recovery.

For these reasons, more discussed below, Defendants' motion should be granted.

## II. FACTUAL OVERVIEW

As this is a motion to dismiss, the factual matters relevant to this motion consist of Thompson's properly pleaded factual allegations in the operative complaint and matters set forth in the relevant documents that form the basis of Thompson's claims, which may be considered on a motion to dismiss under the Ninth Circuit's "incorporation by reference" doctrine.

Summary of Allegations

As alleged in the Complaint, Thompson was hired as an employee of Sun Microsystems, Inc. ("Sun"), on October 30, 2000. (ECF Doc. No. 23, at ¶ 7 and Exh. 2.) She alleges that she "specifically sought 'lifetime' disability benefits," and in response was provide an offer letter that is attached as Exhibit 1 to the Complaint. (*Id.* at ¶ 6.) Exhibit 1 states: "[W]e are offering you a long term disability benefit with a

lifetime benefit period." Thompson signed the offer letter and commenced her employment on or about October 30, 2000. (*Id.* at ¶ 7.)

Thompson alleges that she was in a serious accident in July of 2001, which left her permanently disabled. (Doc. No. 23, at ¶ 8.) She submitted a claim for benefits under the Plan, which was approved, at which time, she alleges, she became a vested participant in the Plan. (*Id.*) She received benefits under Sun Microsystems, Inc.'s Long Term Disability Plan from late 2001 until early 2010. (*Id.* at ¶ 9.) In January of 2010, Thompson alleges, Oracle acquired Sun and assumed liability for administering and paying claims for all Sun employees receiving disability benefits. (*Id.* at ¶¶ 11-12.) Beginning in 2011, Oracle and the Plan funded benefits via the purchase of a group long term disability policy from Defendant Hartford Life and Accident Insurance Company ("Hartford"). (*Id.*)

Thompson alleges that on April 2, 2020, Hartford informed her that her claim was denied per the policy, which provides that the maximum duration of benefits is to age 65 for Age of Onset of Disability of 60 or younger. (Doc. No. 23, at ¶ 15.) She appealed the decision, and her appeal was denied. (*Id.* at ¶¶ 16-19.)

Thompson further asserts that, by virtue of its acquisition of Sun, Oracle is responsible for honoring the offer letter attached as Exhibit 1, as a binding written agreement. (Doc. No. 23, at ¶ 27.)

Summary of Relevant Plan Documents

Effective January 1, 2001, after Thompson's date of hire but prior to her disability, Sun amended and restated its Comprehensive Welfare Plan. (*See* Sun Microsystems, Inc. Amended and Restated Comprehensive Welfare Plan, Exh. A to the Declaration of Estelle Lockwood in Support of Defendants' Motion to Dismiss[2]

[2] The Lockwood Declaration, which was previously submitted in connection with the Oracle Defendants' prior motion to dismiss, is resubmitted without Exhibit C, which is not pertinent to the present motion to dismiss.

["Lockwood Decl."]; *cf.* Doc. No. 23, Exh. 2 [confirming Thompson date of hire of October 30, 2000, and date of disability of July 29, 2001].) The amended and restated plan states that benefits terminate once a Participant who became disabled prior to age 60 attains age 65 (*Id.* at § 7.5.6.)

After its acquisition of Sun, Oracle funded LTD benefits payable to former full-time and part-time Sun employees who became disabled between January 1, 2001, and December 31, 2005, through a long-term disability insurance policy ("the Policy"). (See Certificate of Insurance, Exh. B to Lockwood Decl.) The Policy states that the maximum duration of benefits for participants who became disabled prior to their 60th birthday is the participant's 65th birthday. (*Id.* at pp. 2, 4.)

## III. LEGAL ARGUMENT

### A. Legal Standard Applicable to a Motion to Dismiss under FED. R. CIV. P. 12(b)(6).

When ruling on a motion to dismiss under FED. R. CIV. P. 12(b)(6), a court accepts as true the well-pleaded factual allegations stated in the complaint. *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1126 (C.D. Cal. 2015). However, it may deviate from this rule under the "incorporation by reference" doctrine, under which a court may "take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The Ninth Circuit has extended the doctrine "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Id.*

The incorporation by reference doctrine is particularly apt in claims under ERISA section 502(a)(1)(B), where liability depends on the terms of the plan documents. *Dual Diagnosis Treatment Ctr., Inc. v. Blue Cross of Cal.*, No. SA CV

15-0736-DOC (DFMx), 2016 U.S. Dist. LEXIS 162166, at *85 (C.D. Cal. Nov. 22, 2016).

### B. Thompson's Claim under ERISA for Enforcement and Clarification of Rights Fails as a Matter of Law because the Operative Plan Document Unequivocally States that Participants Lose Eligibility for Coverage at Age 65.

A participant in an ERISA-governed plan may bring an action under ERISA section 502(a)(1)(B), codified as 29 U.S.C. § 1132(a)(1)(B), to enforce and clarify his or her rights under the plan. In the Ninth Circuit, "when a plan participant files an ERISA action seeking review of a denial of benefits, the court applies the policy in effect when the benefits were denied, that is, when the ERISA cause of action accrued." *Vaccaro v. Liberty Life Assurance Co.*, No. 16-cv-03220-BLF, 2017 U.S. Dist. LEXIS 192932, at *24 (N.D. Cal. Nov. 20, 2017) (citing *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1160-61 (9th Cir. 2001).

Here, Thompson fails to state a claim under section 502(a)(1)(B) because her allegations and the Policy, which is the relevant plan document in effect when her LTD benefits were terminated, unequivocally demonstrates that Thompson was entitled to benefits only until her 65th birthday. The Policy clearly states that Participants who become disabled at age 60 or younger, like Thompson, lose eligibility for benefits once they reach age 65. Thompson alleges in her complaint that her LTD benefits were terminated based on her attaining age 65. (Doc. No. 23, at ¶ 15.) That the decision to terminate Thompson's LTD benefits is correct is confirmed by Exhibit 2 to her complaint, which (1) confirms her date of birth, (2) states that her disability date was July 29, 2001, prior to her 60th birthday, and (3) confirms the date of her 65th birthday coincided with the termination of her LTD benefits. Thus, based on the express provisions of the Policy, which this Court is obliged to apply according to *Vaccaro,* cited above, Thompson is not entitled to any benefits after her 65th birthday. (*Cf.* Doc. No. 23, at ¶¶ 52, 53, 61.)

/ / /

Thompson's claim would still fail as a matter of law even if the relevant plan document was the one in effect to define benefits at the time she became disabled. The Sun Microsystems, Inc. Amended and Restated Comprehensive Welfare Plan, in effect as of January 1, 2001, prior to the Policy becoming operative, expressly provides that participants who become disabled prior to their 60th birthday loses eligibility for benefits once they attain age 65. (Exh. B to Lockwood Decl., at § 7.5.6.) Thus, even under the plan in effect at the time of her disability, Thompson would not be able to state a claim for benefits or a right to future benefits.

Because the Policy and the plan documents on which Thompson's claim under ERSA section 502(a)(1)(B) is based explicitly state that eligibility for benefits terminate upon the participant's 65th birthday, Thompson fails to state a claim under ERISA upon which relief may be granted against Defendants.

### C. Thompson Fails to State a Claim under ERISA for Breach of Fiduciary Duty because the Conduct She Alleges Were Not Fiduciary Acts or Were Dictated by the Plan's Terms.

ERISA establishes a "prudent man" standard for fiduciaries. 29 U.S.C. § 1104. The fiduciary duties imposed by ERISA require a fiduciary to discharge its duties, among other things, "in accordance with the documents and instruments governing the plan . . . ." *Id.* at § 1104(a)(1)(D)

"In every case charging breach of ERISA fiduciary duty, then, the threshold question is . . . whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000). "[C]ourts must examine the conduct at issue to determine whether it constitutes management or administration of the plan, giving rise to fiduciary concerns, or merely a business decision that has an effect on an ERISA plan not subject to fiduciary duties." *In re Luna*, 406 F.3d 1192, 1207 (10th Cir. 2005) (citation and quotation omitted). Importantly, "an employer's decisions about the content of a plan are not themselves fiduciary acts." *Pegram*, 530 U.S. at 226; accord *Cunha v. Ward Foods, Inc.*, 804 F.2d 1418, 1432 (9th Cir. 1986) (plan

sponsor that terminated ERISA plan "was not acting in connection with its fiduciary responsibilities as Plan administrator, but instead, was acting in its corporate capacity. The decision to terminate the Plan was a business decision that properly rested with [sponsor's] corporate offices."); *see also Acosta v. Brain*, 910 F.3d 502, 519 (9th Cir. 2018) ("Furthermore, the text of ERISA section 404 speaks plainly of fiduciary duties owed to participants and beneficiaries, but not to employees.")

Here, Thompson cannot state a valid breach of fiduciary duty claim under ERISA because she fails to identify any action Oracle took that violated any fiduciary duty it owed to her. She alleges that Oracle (a) failed to provide long term disability benefits with a life time premium to her in accordance with the employment agreement, and (b) to create a class under the Plan for any participants who received long term disability benefits with a life time benefit period. (Doc. No. 23, at ¶ 69.) But those alleged acts, which are decisions about the contents of the Plan, are not fiduciary acts and, even if true, do not support liability against Oracle for breach of fiduciary duties.

Thompson further alleges that Oracle breached its fiduciary duties under ERISA by refusing to pay benefits under the Plan in accordance with the employment agreement, and denying in bad faith that Plaintiff is owed long term disability benefits with a life time benefit period despite a written contract that provides otherwise. (*Id.*) But nothing requires—or even permits—Oracle, acting as a Plan fiduciary, to honor the alleged employment agreement over the express terms of the Plan.

Because Thompson fails to allege any conduct by Oracle that constitutes a breach of fiduciary duties under ERISA, her claim must be dismissed.

### D. Thompson Fails to State Claims for Breach of Employment Contract and Promissory Estoppel.

Thompson's breach of contract and promissory estoppel claims are based on one sentence in the offer letter attached to her complaint: "we are offering you a long term disability benefit with a life time benefit period." (Doc. No. 23, at Exh. 1.)

The breach of contract claim itself is vaguely alleged, inasmuch as Thompson does not clearly identify what she believes was the conduct that constituted a breach of the alleged contractual obligation, other than to assert that "Defendants breached this promise by refusing to pay Plaintiff long term disability benefit with a life time benefit period." (Doc. No. 23, at ¶ 32.) But under any reasonable interpretation of her vague allegations, her breach of contract and promissory estoppel claims fail as a matter of law for several reasons. First, her claims are preempted by ERISA because they relate to the terms of an ERISA benefit plan. Second, her claims are time-barred because the alleged conduct underlying the claims occurred more than four years prior to the filing of her Complaint. And third, the sentence on which she bases her entire claim is too indefinite to create any binding obligation.

1. Thompson's Breach of Contract and Promissory Estoppel Claims are Preempted by ERISA.

ERISA preempts any state law that has a relationship to or connection with an ERISA plan. 29 U.S.C. § 1144(a); *Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1312 (9th Cir. 1997). "Indeed, even state law claims that do not explicitly refer to employee benefit plans, but which merely arise from the administration of such plans, whether directly or indirectly, are preempted." *Billinger v. Bell Atl.*, 240 F. Supp. 2d 274, 286 (S.D.N.Y. 2003). ERISA's preemptive sweep includes state law claims for breach of contract and promissory estoppel. *DeVoll v. Burdick Painting*, 35 F.3d 408, 412 (9th Cir. 1994) (ERISA preempts promissory estoppel claims based on employer's breach of alleged promise to provide certain benefits).

Whether ERISA preempts a state common law claim for breach of an employment agreement depends on whether the claim implicates the terms of an existing ERISA plan or entitlement to benefits under an ERISA plan. For example, in *Hannan v. Bus. Journal Publ'ns, Inc.*, No. 3:14-cv-00831-SB, 2015 U.S. Dist. LEXIS 160192, (D. Or. Oct. 2, 2015), the court concluded an employee's breach of contract claim, which was based on an alleged implied promise by the employer not to

terminate her for other than good cause and the employer's termination of her just prior to her reaching age requirements to participate in a retirement plan, was preempted by ERISA. *Id.* at *51. The court reasoned that the employee's claim "relates directly to the employee benefit plan, because she asserts she was promised benefits and Defendants breached the promise by improperly denying benefits." *Id.*

Here, Thompson's breach of contract is preempted by ERISA because it depends on the terms of the Plan and concerns the administration of the Plan. The thrust of the claim appears to be that Oracle (she fails to identify which Oracle party) breached her employment agreement when, in reliance on the plan in which she was enrolled, it refused to pay her LTD benefits after her 65th birthday. (Doc. No. 23, at ¶ 15.) However, to determine whether that alleged contract was in fact breached, the Court would need to examine the terms of the Plan to determine whether there was a lifetime disability benefit available.

Similarly, Thompson's promissory estoppel claim is expressly premised on the denial of benefits. Specifically, Thompson asserts that her detrimental reliance took the form of "reduced benefits under the Plan or some other Plan." (Doc. No. 23, at ¶ 35.) She further alleges that "[t]he only method of avoiding the injustice of the injuries sustained by [Thompson] as alleged in this First Amended Complaint is to enforce the promise Defendants made to Plaintiff to provide a long term disability benefit with a life time benefit period." (*Id.*) This impermissible reference to and connection with the Plan renders Thompson's promissory estoppel claim preempted by ERISA.

2. Thompson's Breach of Contract and Promissory Estoppel Claims are Time-Barred.

Under California law, an action founded upon an obligation in writing is subject to a four-year statute of limitations. Cal. Code Civ. Proc. § 337(a). The cause of action accrues at the time of the breach. *Perez-Encinas v. Amerus Life Ins. Co.*, 468 F. Supp. 2d 1127, 1134 (N.D. Cal. 2006) (citations omitted). A claim for promissory estoppel is subject to a two-year statute of limitations. *Roots Ready Made Garments v. Gap*

*Inc.*, No. C 07-03363 CRB, 2007 U.S. Dist. LEXIS 81108, at *12 (N.D. Cal. Oct. 18, 2007). “Statutes of limitations and the equitable doctrine of laches constitute a recognition that claims can become stale—documents may be lost and memories fade over time.” *Sequeira v. Rincon-Vitova Insectaries*, 32 Cal. App. 4th 632, 637 (1995).

Here, Thompson’s breach of employment contract and promissory estoppel claims are time-barred to the extent they are based on an assertion that Oracle breached its alleged promise in the offer letter by offering only a plan that did not include a lifetime benefit period. As demonstrated by Sun’s Comprehensive Welfare Plan, which took effect on January 1, 2001, Thompson was offered, and subsequently made a claim under, an LTD benefit plan that did not include a lifetime benefit period. To the extent her allegations can be construed to allege such conduct constituted a breach of the purported employment agreement or a failure to honor its alleged promise to offer an LTD benefit with a lifetime benefit period, her assertion of those claims now, nearly 20 years after the fact, clearly contravenes the applicable statutes of limitations.

Thompson apparently attempts to avoid the statute of limitations by alleging that she “first learned of this breach on April 2, 2020.” (Doc. No. 23, at ¶ 15.) However, she fails to carry her burden of alleging facts justifying her failure to discover the alleged breach earlier. Under California law, the delayed discovery rule “presumes that a plaintiff has knowledge of injury on the date of injury. In order to rebut the presumption, a plaintiff must plead facts sufficient to convince the trial judge that delayed discovery was justified. And when the case is tried on the merits the plaintiff bears the burden of proof on the discovery issue.” *April Enters., Inc. v. KTTV*, 147 Cal. App. 3d 805, 832 (1983). Thompson’s failure to justify, through specific fact allegations, her alleged delayed discovery of the purported breach is particularly glaring given that she submitted a claim under a plan that expressly terminates eligibility for benefits on a participant’s 65th birthday, and, moreover, in light of ERISA’s reporting and disclosure requirements. *See* 29 C.F.R. § 2520.104b-2. It is

difficult to understand, given the clear, obvious and readily available nature of this limitation within the plan, how she could claim ignorance of the Plan's age limitation under the circumstances—and she alleges no factual basis demonstrating anything to the contrary.

Because Thompson failed to bring her breach of contract and promissory estoppel claims within the applicable statutes of limitations, her claims are time-barred.

3. Thompson's Breach of Contract Claim Fails because the Purported Promise is Too Indefinite to Create a Binding Obligation.

Under California law, in order to form a binding obligation, the terms of a contract must be sufficiently definite to allow the parties and the court to determine what duties are owed and when a breach occurs. Specifically, in the employment context, "courts will not enforce vague promises about the terms and conditions of employment that provide no definable standards for constraining an employer's inherent authority to manage its enterprise. It is to be expected that many alleged employer promises will be unable to cross this threshold of definition to become enforceable contract claims." *Scott v. Pac. Gas & Elec. Co.*, 11 Cal. 4th 454, 473 (1995).

Courts are typically reluctant to find binding contracts arising out of representations relating to employee compensation. "Employers frequently boast of good benefits, competitive salaries, excellent working conditions and the like. To anoint such puffing language with contractual import would open the door to a plethora of specious litigation and constitute a severe and unwarranted intrusion on the ability of business enterprises to manage internal affairs." *Ladas v. Cal. State Auto. Ass'n*, 19 Cal. App. 4th 761 (1993). The *Ladas* court explained that "[c]ompanies, like people, change direction. . . . [W]e see no reason why an employer should not be free to alter methods of compensating employees when circumstances so dictate and the alteration does not violate any clear contractual restraint." *Id.* at 772-73.

The reasoning expressed by the *Ladas* court applies with force in the ERISA context because ERISA welfare plans typically can be amended, and benefits do not vest until the plan says so. *Grosz-Salomon*, 237 F.3d at 1160. And while an employer may contractually agree to grant vested benefits, such an agreement must be stated in clear and express language. *Id.*

Here, the sentence relied upon by Thompson in the offer letter attached as Exh. 1 to the Complaint is not sufficiently definite to create a contractual obligation. First, the statement only says that she is being offered an LTD benefit with a lifetime benefit period. It does not promise that she would receive lifetime LTD benefits for the rest of her life, or that her rights under the LTD benefit plan would ever become fully vested. The offer letter itself says only that she is being offered "a long term disability benefit with a lifetime benefit period." (Doc. No. 23, at Exh. 1.) That language is not the "clear and express" vesting language required under *Grosz-Salomon*. Nor is it sufficiently definite that it would entitle Thompson to lifetime LTD benefits without regard to the terms of Sun's LTD plan, or its established right under ERISA to amend or terminate the LTD plan.

Given the extensive right employers have to amend welfare plans, as recognized in *Grosz-Salomon*, and the general latitude employers have to modify employee compensation, as recognized in *Ladas*, the offer letter contains "no definable standards for constraining [Sun's or Oracle's] inherent authority to manage its enterprise." Thus, the statement in the offer letter on which Thompson relies for the basis of her breach of contract claim is too vague and indefinite to form a binding and enforceable contractual obligation on Sun or Oracle to ensure Thompson received LTD benefits for the remainder of her lifetime.

4. Thompson's Promissory Estoppel Claim Fails because the Alleged Promise was Unclear and Ambiguous.

/ / /

/ / /

The elements of a claim for promissory estoppel are: "(1) a promise clear and

unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) his reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal. App. 3d 885, 890 (1976). A promise must be clear and unambiguous to support recovery under a promissory estoppel theory; promises that are vague, general, or indeterminate are not enforceable. *Aguilar v. Int'l Longshoremen's Union Local #10*, 966 F.2d 443, 446 (9th Cir. 1992).

Here, the promise Thompson alleges to have induced her reliance was too vague and ambiguous to support her claim for promissory estoppel, for the same reasons discussed *infra*, section III.E.3. Indeed, Under Thompson's asserted theory, an employer would incur liability under a promissory estoppel theory any time employee compensation is reduced. California case law recognizes that such a world does not exist because, to conclude otherwise would constitute a severe and unwarranted intrusion on the ability of business enterprises to manage internal affairs.

### E. Thompson Fails to State Claims for Negligent Misrepresentation because She Fails to Allege a Misrepresentation.

A negligent misrepresentation claim under California law cannot be based on an honest but unreasonable promise to perform. In other words, while a false promise to perform may support an intentional misrepresentation claim because the promisor made the promise knowing he or she would not perform, which thereby renders the statement false. However, an honest but unreasonable promise to perform is not a false promise. "Simply put, making a promise with an honest but unreasonable intent to perform is wholly different from making one with no intent to perform and, therefore, does not constitute a false promise." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 159 (1991).

Here, Thompson's negligent misrepresentation claim is legally invalid because she does not allege any misrepresentation. She asserts that "Defendants negligently and/or recklessly misrepresented to Plaintiff that she would be entitled to 'a long term

disability benefit with a life time benefit period' if she accepted employment," but that "Defendants have now refused to provide a long term disability benefit with a life time benefit period and did not purchase other disability coverage." (Doc. No. 23, at ¶¶ 45, 49.) Even if that promise was "unreasonable and/or reckless," as Thompson alleges (*id.* at ¶ 50), it does not constitute a false statement that is actionable under a negligent misrepresentation theory.

**F. Thompson's Fraudulent and Negligent Misrepresentation Claims are Time Barred.**

Under California law, misrepresentation claims have a three-year statute of limitations. Cal. Civ. Proc. Code § 338(d). A plaintiff asserting a misrepresentation claim brought more than three years after the alleged misrepresentation must "affirmatively excuse his failure to discover the fraud within three years after it took place, by establishing facts showing that he was not negligent in failing to make the discovery sooner and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *Hobart v. Hobart Estate Co.*, 26 Cal. 2d 412, 437 (1945) (citations omitted); *see also Denholm v. Houghton Mifflin Co.*, 912 F.2d 357, 362 (9th Cir. 1990).

"To obtain the benefit of the late-discovery exception to the statute of limitations, the complaint must allege facts showing that the cause of action could not with reasonable diligence have been discovered prior to three years before the suit." *Silver v. Watson*, 26 Cal. App. 3d 905, 911 (1972) (citations omitted). "Formal averments or general conclusions to the effect that the facts were not discovered until a stated date, and that the plaintiff could not reasonably have made an earlier discovery, are useless." *See*, *e.g.*, *Orange County Rock v. Cook Bros. Equip. Co.*, 246 Cal. App. 2d 698, 703 (1966).

Here, Thompson's misrepresentation claims are time barred because she did not file her complaint until more three years after the alleged misrepresentations, and she fails to allege facts showing that she was not negligent in failing to make the

discovery sooner and that she had no actual or presumptive knowledge of facts sufficient to put her on inquiry. As discussed above concerning Thompson's breach of contract claim, the sole attempt Thompson makes to address her failure to discover her claims earlier is that she "first learned of this breach on April 2, 2020." (Doc. No. 23, at ¶ 15.) Nowhere does she explain why she reasonably could not have made an earlier discovery of the alleged misrepresentation. That failure is particularly poignant given the fact that she filed a claim under a plan that expressly terminates eligibility for benefits on a participant's 65th birthday, and, moreover, in light of ERISA's reporting and disclosure requirements. *See* 29 C.F.R. § 2520.104b-2.

Because Thompson failed to assert her misrepresentation claims within three years of the alleged misrepresentation, without any attempt to excuse her delayed discovery, her fraudulent and negligent misrepresentation claims are time barred.

### G. Thompson's Equitable Estoppel Clams Fails as a Matter of Law because No Such Claim Exists Under California Law.

As a matter of law, equitable estoppel applies defensively only, and is not a claim that supports an affirmative recovery. "As a stand-alone cause of action for equitable estoppel will not lie as a matter of law . . . ." Behnke v. State Farm Gen. Ins. Co., 196 Cal. App. 4th 1443, 1463 (2011); *accord Ryder v. Lightstorm Entm't, Inc.*, 246 Cal. App. 4th 1064, 1075 (2016) (concluding that plaintiff could not rely on equitable estoppel to establish breach of contract claim); *Cisco Sys. v. STMicroelectronics*, No. C-14-03236-RMW, 2015 U.S. Dist. LEXIS 71958, at *15 (N.D. Cal. June 2, 2015) ("Cisco is using equitable estoppel to impose liability on ST Micro-US, not to shield itself against liability. This use of equitable estoppel is inconsistent with the traditional defensive concept of equitable estoppel and has not received widespread recognition by courts."); *Grill v. Quinn*, No. CIV S-10-0757 GEB GGH PS, 2010 U.S. Dist. LEXIS 138545, at *23 (E.D. Cal. Dec. 28, 2010) ("The problem is—unlike promissory estoppel (a quasi-contractual claim); there is no such thing as a claim for 'equitable estoppel.'").

Here, Thompson is attempting to assert an equitable estoppel claim offensively by relying on it as a theory of liability. However, as the foregoing authority amply demonstrates, there is no claim for equitable estoppel under California law. Her equitable estoppel claim therefore should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Oracle Defendants respectfully request that the Court grant their motion and dismiss Thompson's claims against them.

DATED: April 19, 2021

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Timothy J. Nally
TIMOTHY J. NALLY
Attorneys for ORACLE CORPORATION; ORACLE AMERICA, INC an ORACLE CORPORATION LONG TERM DISABILITY PLAN