JORDAN S. ALTURA  (SBN: 209431)
jaltura@grsm.com
REBECCA A. HULL  (SBN: 99802)
rhull@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054

Attorneys for Defendant
HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISA THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>ORACLE CORPORATION; ORACLE AMERICA, INC; ORACLE CORPORATION LONG TERM DISABILITY PLAN; and HARTFORD LIFE & ACCIDENT INSURANCE COMPANY,<br><br>    Defendants. | Case No. 4:21-cv-00026-YGR<br><br>**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Hartford Life and Accident Insurance Company ("Hartford") hereby responds to the First Amended Complaint ("complaint" herein) of plaintiff Elisa Thompson as follows:

1. Paragraph 1 of the complaint consists of legal arguments and conclusions to which Hartford is not required to respond.  To the extent that paragraph 1 may be deemed to be factual in nature, Hartford admits that plaintiff appears to seek a sum exceeding $75,000 exclusive of interests and costs.  Hartford lacks information sufficient to form a belief as to plaintiff's citizenship and residence, and on that basis denies the allegations of paragraph 2 with regard to such matters.  Hartford admits that it is a Connecticut corporation with its principal place of business in Connecticut.  Except as expressly admitted herein, the allegations of paragraph 1 are denied.

2. Paragraph 2 of the complaint consists of legal arguments and conclusions to which Hartford not required to respond. To the extent that paragraph 2 may be deemed to be factual in nature, Hartford lacks information sufficient to form a belief as to plaintiff's motivations for filing this litigation, and on that basis denies the assertions regarding that subject. Hartford admits that the litigation makes certain assertions regarding plaintiff's alleged rights, and that it seeks certain recoveries and relief, but Hartford expressly denies that plaintiff is or may be entitled to any relief or recovery of any type or kind as against Hartford with regard to the matters alleged in her complaint. Except as expressly admitted herein, the allegations of paragraph 2 are denied.

3. Responding to paragraph 3 of the complaint, Hartford does not dispute venue in this District.

4. Responding to paragraph 4 of the complaint, Hartford lacks information sufficient to form a belief as to the truth thereof, and on that basis denies such allegations.

5. Responding to paragraph 5 of the complaint, Hartford states that it previously was provided with a copy of Exhibit 1 to the complaint, which plaintiff asserted was an offer of employment issued by Sun Microsystems on or about October 25, 2000. Except as stated herein, Hartford lacks information sufficient to form a belief as to the allegations of paragraph 5 and on that basis denies such allegations.

6. Hartford lacks information sufficient to form a belief as to the allegations of paragraph 6 of the complaint, and on that basis denies them.

7. Hartford lacks information sufficient to form a belief as to the allegations of paragraph 7 of the complaint, and on that basis denies them.

8. Responding to the legal arguments and conclusions asserted in paragraph 8 of the complaint, Hartford disputes and denies them. Responding to the factual allegations of paragraph 8, Hartford admits that plaintiff became disabled following an accident that occurred in or about July 2001, and that she received certain disability benefits through one or more Sun Microsystems employee benefit plans. Except as stated herein, Hartford lacks information sufficient to form a belief as to the allegations of paragraph 8 and on that basis denies them.

9. Hartford lacks information sufficient to form a belief as to the allegations of paragraph 9 of the complaint, and on that basis denies them.

10. Paragraph 10 of the complaint consist of legal conclusions and arguments, which Hartford disputes and denies. To the extent that paragraph 10 may be deemed to be factual in nature, Hartford denies the allegations thereof.

11. Paragraph 11 of the complaint consists of legal conclusions and arguments to which Hartford is not required to respond. To the extent that paragraph 11 may be deemed factual in nature, Hartford lacks information sufficient to form a belief as to the allegations of paragraph 11 and on that basis denies them. Hartford further denies that Sun Microsystems' welfare benefit plans included or encompassed an "obligation to continue to pay Plaintiff disability benefits during her lifetime."

12. Paragraph 12 of the complaint consists of legal conclusions and arguments to which Hartford is not required to respond. To the extent that paragraph 12 may be deemed factual in nature, Hartford admits that it issued a policy of insurance to Oracle, Policy No. GLT-398486, effective April 1, 2011, subject to all of its terms and conditions. Except as stated herein, Hartford lacks information sufficient to form a belief as to the allegations and arguments of paragraph 12, including but not limited to the allegations regarding the nature and effect of the transaction(s) between Oracle and Sun Microsystems, and on that basis denies such allegations.

13. Responding to paragraph 13 of the complaint, Hartford states that it is informed and believes that Oracle at certain relevant times was the sponsor and administrator of the defendant Oracle Corporation Long Term Disability Plan ("the Plan"), and that the Plan provided coverage to certain eligible employees of Oracle, subject to all of the Plan's terms and conditions. Except as stated herein, Hartford denies the allegations of paragraph 13, and further and expressly denies that plaintiff "is" entitled to additional benefits under the Plan, having previously received the maximum benefits for which the Plan provides.

14. Responding to paragraph 14 of the complaint, Hartford does not dispute venue in this District.

15. Responding to paragraph 15 of the complaint, Hartford states that by letter dated

April 2, 2020, Hartford reminded plaintiff of the Plan's provision regarding maximum benefits as applicable to her.  Except as expressly stated herein, the allegations of paragraph 15 are denied.

16.  Hartford has no information sufficient to form a belief as to the allegations of paragraph 16 of the complaint, and on that basis denies them.

17.  Responding to paragraph 17 of the complaint, Hartford states that plaintiff submitted an appeal to Hartford on or about September 24, 2020, disputing the application to her of the Plan's maximum benefit period.  Except as stated herein, Hartford has no information sufficient to permit it to form a belief with regard to the allegations of paragraph 17, and on that basis denies them.

18.  Hartford lacks information to permit it to form a belief as to the allegations of paragraph 18 of the complaint, and on that basis denies them.

19.  The allegations of paragraph 19 of the complaint are admitted.

20.  Hartford lacks information to permit it to form a belief as to the allegations of paragraph 20 of the complaint, and on that basis denies them.

21.  Paragraph 21 of the complaint consists of legal conclusions and arguments to which Hartford is not required to respond.  Further responding to paragraph 21, Hartford states that it issued a policy of insurance to Oracle, Policy No. GLT-398486, effective April 1, 2011, subject to all of its terms and conditions.  Except as stated herein, the allegations of paragraph 21, both legal and factual, are denied.

22.  Responding to paragraph 22 of the complaint, Hartford states that it issued a policy of insurance to Oracle, Policy No. GLT-398486, effective April 1, 2011 ("the Policy" hereafter), subject to all of its terms and conditions.  Except as expressly stated herein, the allegations of paragraph 22 are denied.

23.  Responding to paragraph 23 of the complaint, Hartford incorporates herein by reference, as though set forth in full, paragraphs 1 through 22, inclusive, above.

24.  Paragraph 24 of the complaint is not alleged against Hartford, and Hartford lacks information sufficient to form a belief as to the truth thereof and on that basis denies such

allegations but states that it acknowledges the existence of the document attached to the complaint as Exhibit 1. Except as otherwise stated herein, the allegations and arguments set forth in paragraph 24 are denied.

25. Hartford lacks information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the complaint, and on that basis denies them.

26. Hartford lacks information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the complaint, and on that basis denies them.

27. Hartford lacks information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the complaint, and on that basis denies them.

28. Hartford lacks information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the complaint, and on that basis denies them.

29. Hartford lacks information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the complaint and on that basis denies them, and further and expressly denies that plaintiff has sustained any injury or damage, or is or may be entitled to any relief or remedy of any type or kind.

30. Responding to paragraph 30 of the complaint, Hartford incorporates herein by reference, as though set forth in full, paragraphs 1 through 29, inclusive, above.

31. Hartford lacks information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the complaint, and on that basis denies them.

32. Hartford lacks information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the complaint, and on that basis denies them, and further denies that plaintiff has sustained any injury or damage, or is or may be entitled to any relief or remedy of any type or kind.

33. Hartford lacks information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the complaint, and on that basis denies them.

34. Hartford lacks information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the complaint, and on that basis denies them.

35. Hartford lacks information sufficient to form a belief as to the truth of the

1 allegations of paragraph 35 of the complaint, and on that basis denies them, and further denies
2 that plaintiff has sustained any injury or damage, or is or may be entitled to any relief or remedy
3 of any type or kind.

4  36. Hartford lacks information sufficient to form a belief as to the truth of the
5 allegations of paragraph 36 of the complaint, and on that basis denies them, and further denies
6 that plaintiff has sustained any injury or damage, or is or may be entitled to any relief or remedy
7 of any type or kind.

8  37. Responding to paragraph 37 of the complaint, Hartford incorporates herein by
9 reference, as though set forth in full, paragraphs 1 through 36, inclusive, above.

10  38. Hartford lacks information sufficient to form a belief as to the truth of the
11 allegations of paragraph 38 of the complaint, and on that basis denies them.

12  39. Hartford lacks information sufficient to form a belief as to the truth of the
13 allegations of paragraph 39 of the complaint, and on that basis denies them.

14  40. Hartford lacks information sufficient to form a belief as to the truth of the
15 allegations of paragraph 40 of the complaint, and on that basis denies them.

16  41. Hartford lacks information sufficient to form a belief as to the truth of the
17 allegations of paragraph 41 of the complaint, and on that basis denies them.

18  42. Hartford lacks information sufficient to form a belief as to the truth of the
19 allegations of paragraph 42 of the complaint, and on that basis denies them.

20  43. Hartford lacks information sufficient to form a belief as to the truth of the
21 allegations of paragraph 43 of the complaint, and on that basis denies them and further denies
22 that plaintiff has sustained any injury or damage, or is or may be entitled to any relief or remedy
23 of any type or kind.

24  44. Responding to paragraph 44 of the complaint, Hartford incorporates herein by
25 reference, as though set forth in full, paragraphs 1 through 42, above, inclusive.

26  45. Hartford lacks information sufficient to form a belief as to the truth of the
27 allegations of paragraph 45 of the complaint, and on that basis denies them.

28  46. Hartford lacks information sufficient to form a belief as to the truth of the

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

allegations of paragraph 46 of the complaint, and on that basis denies them.

47. Hartford lacks information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the complaint, and on that basis denies them.

48. Hartford lacks information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the complaint, and on that basis denies them.

49. Hartford lacks information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the complaint, and on that basis denies them.

50. Hartford lacks information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the complaint, and on that basis denies them and further denies that plaintiff has sustained any injury or damage, or is or may be entitled to any relief or remedy of any type or kind.

51. Responding to paragraph 51 of the complaint, Hartford incorporates herein by reference, as though set forth in full, paragraph 1 through 50, above, inclusive.

52. The allegations of paragraph 52 of the complaint are denied.

53. Responding to paragraph 53 of the complaint, Hartford admits that plaintiff was an employee of Sun Microsystems on the date she became disabled.  Except as stated herein, the allegations of paragraph 53 are denied

54. Responding to paragraph 54 of the complaint, Hartford states that on its face the allegations refer to a time prior to the date the Policy was issued.  Further responding to paragraph 54, Hartford lacks information sufficient to form a belief as to the allegations thereof, and on that basis denies them

55. Responding to paragraph 55 of the complaint, Hartford states that on or about April 2, 2020, Hartford wrote to plaintiff and reminded her that no further benefits under the Plan could be paid after she reached the age of 65, due to the Plan's maximum benefit provision.  As required by ERISA, plaintiff was informed of her right to appeal.  Except as stated herein, the allegations of paragraph 55 are denied

56. Hartford lacks information sufficient to form a belief as to the allegations of paragraph 56 of the complaint, and on that basis denies them

57. Responding to paragraph 57 of the complaint, Hartford admits that plaintiff submitted an appeal to Hartford dated September 24, 2020. Hartford lacks information sufficient to form a belief as to the remaining allegations of paragraph 57, and on that basis denies them

58. Hartford lacks information sufficient to form a belief as to the allegations of paragraph 58 of the complaint, and on that basis denies them

59. Responding to paragraph 59 of the complaint, Hartford states that by letter dated November 5, 2020, plaintiff through her counsel was informed that the determination that Plan benefits could not be paid after she reached age 65 was upheld on appeal review. Except as stated herein, the allegations of paragraph 59 are denied

60. Hartford lacks information sufficient to form a belief as to the allegations of paragraph 60 of the complaint, and on that basis denies them.

61. The allegations of paragraph 61 of the complaint are denied.

62. The allegations of paragraph 62 of the complaint are denied.

63. The allegations of paragraph 63 of the complaint are denied, and Hartford further and expressly denies that plaintiff is or may be entitled to any further Plan benefits, or to any other form or type of relief or recovery, in any amount or amounts, or at all.

64. Responding to paragraph 64 of the complaint, Hartford incorporates herein by reference, as though set forth in full, paragraphs 1 through 63, inclusive, above.

65. Responding to paragraph 65 of the complaint, Hartford states that Oracle America, Inc. was identified to Hartford as the Plan Administrator. Except as stated, Hartford lacks information sufficient to form a belief as to the truth of the allegations of paragraph 65, and on that basis denies them.

66. Paragraph 66 of the complaint consists of legal conclusions to which no response is required. To the extent that paragraph 66 may be deemed factual in nature, Hartford states that as the Plan Administrator, Oracle America, Inc. owes certain legal duties under the Plan. Except as stated, the allegations of paragraph 66 are denied for lack of information and belief.

67. Responding to paragraph 67 of the complaint, Hartford states that at certain relevant times, it has functioned as the claims administrator of the Plan and has had fiduciary

duties solely while acting in that capacity. Hartford is not required to respond to the legal conclusions and arguments asserted in paragraph 67, and denies the factual allegations of paragraph 67 except as expressly stated herein.

68. Responding to paragraph 68 of the complaint, Hartford states that at certain relevant times, it has functioned as the claims administrator of the Plan and has had fiduciary duties to all Plan participants, solely while acting in that capacity. Except as stated herein, the factual allegations of paragraph 68 are denied, and no response is required as to the legal conclusions and arguments of paragraph 68.

69. The allegations of paragraph 69 of the complaint are denied.

70. The allegations of paragraph 70 of the complaint are denied.

71. Paragraph 71 of the complaint consists of legal conclusions and arguments to which no response is required. To the extent that paragraph 71 may be deemed factual in nature, Hartford admits that at certain relevant times Hartford, in its capacity as claims administrator, owed fiduciary duties to plaintiff while plaintiff was a participant of the Plan. Except as stated herein, the allegations of paragraph 71 are denied.

72. The allegations of paragraph 72 of the complaint are denied.

73. The allegations of paragraph 73 of the complaint are denied, and Hartford further and expressly denies that plaintiff has sustained any cognizable injury or damage, and denies that plaintiff is or may be entitled to any recovery or relief, of any type or kind, or at all.

74. The allegations of paragraph 74 of the complaint are denied.

75. The allegations of paragraph 75 of the complaint are denied, and Hartford further and expressly denies that plaintiff is or may be entitled to any further Plan benefits, or to any other form or type of relief or recovery, in any amount or amounts, or at all.

76. The allegations of paragraph 76 of the complaint are denied, and Hartford further and expressly denies that plaintiff is or may be entitled to any further Plan benefits, or to any other form or type of relief or recovery, in any amount or amounts, or at all.

77. Responding to paragraph 77 of the complaint, Hartford incorporates herein by reference, as though set forth in full, paragraphs 1 through 76, inclusive, above.

78. Hartford lacks information sufficient to form a belief as to the allegations of paragraph 78 of the complaint, and on that basis denies them.

79. Responding to paragraph 79 of the complaint, Hartford admits that it denied plaintiff's claim for "lifetime" Plan benefits. Except as stated herein, the allegations of paragraph 79 are denied.

80. The allegations of paragraph 80 are denied.

81. The allegations of paragraph 81 are denied.

82. The allegations of paragraph 82 of the complaint are denied, and Hartford further and expressly denies that plaintiff is or may be entitled to any form or type of relief or recovery.

83. The allegations of paragraph 83 of the complaint are denied, and Hartford further and expressly denies that plaintiff has suffered any cognizable injury or damage and denies that plaintiff is or may be entitled to any further Plan benefits, or to any other form or type of relief or recovery, in any amount or amounts, or at all.

84. Responding to plaintiff's Request for Relief, Hartford denies the allegations thereof, and further and expressly denies that plaintiff is or may be entitled to any recovery or relief of any type or kind, in any amount or amounts, by reason of the matters alleged in the Complaint, and denies that there is any legal or factual basis on which any dispute between plaintiff and Hartford could or should be resolved in favor of plaintiff and against Hartford.

WHEREFORE, Hartford prays for relief as hereinafter set forth.

## AFFIRMATIVE DEFENSES

Hartford raises the following affirmative defenses to each and every claim asserted against it, and as to each act and/or omission with which Hartford is charged. Hartford alleges the following affirmative defenses, without assuming the burden of proof for such where the burden is by law placed upon Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

The claims attempted to be stated in the complaint, and each of them, fail to set forth facts sufficient to constitute a claim for relief of any type as against Hartford.

### SECOND AFFIRMATIVE DEFENSE

The attempted to be stated in the complaint claims, and each of them, are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

The claims attempted to be stated in the complaint, and each of them, are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

The claims attempted to be stated in the complaint, and each of them, are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

The claims attempted to be stated in the complaint, and each of them, are barred by applicable statutes of limitation.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring one or more of the claims attempted to be stated in the complaint.

### SEVENTH AFFIRMATIVE DEFENSE

The claims attempted to be stated in the complaint, and each of them, are barred by the doctrine of accord and satisfaction.

### EIGHTH AFFIRMATIVE DEFENSE

If the Court determines that additional benefits are payable to plaintiff (the potential for which is expressly denied by Hartford), any such additional benefits are and will remain subject to the offset provisions of the Plan and the Policy.

### NINTH AFFIRMATIVE DEFENSE

If the Court determines that further benefits should be paid to plaintiff by Hartford (the possibility of which is denied), the Court must remand the claim to Hartford, which will be obligated and entitled to continue to monitor the status of plaintiff's condition from time to time to determine whether she remains entitled to Plan benefits.

**TENTH AFFIRMATIVE DEFENSE**

The Complaint fails to set forth plaintiff's attempted claims with sufficient particularity to permit Hartford to determine all potentially applicable defenses. Hartford therefore reserves the right to assert additional defenses as additional information is obtained.

WHEREFORE, Hartford prays for judgment as follows:

1. That judgment be entered in favor of Hartford and against plaintiff;

2. That plaintiff be awarded nothing;

3. That Hartford be awarded its statutory costs and reasonable attorney's fees from plaintiff; and

4. For such other and further relief as this Court may deem just and proper.

Dated:  April 19, 2021                   GORDON REES SCULLY MANSUKHANI, LLP


By  */s/ Jordan S. Altura*
    Jordan S. Altura
    Rebecca A. Hull
Attorneys for Defendant
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY