UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISA THOMPSON,<br><br>   Plaintiff,<br><br> v.<br><br>ORACLE CORPORATION, ET AL.,<br><br>   Defendants. | Case No. 4:21-cv-00026-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 43 |

Plaintiff Elisa Thompson brings this action against defendants Oracle Corporation, Oracle America, Inc., Oracle Corporation Long Term Disability Plan (collectively, "Oracle defendants"), and Hartford Life & Accident Insurance Company. Plaintiff asserts seven causes of action: (1) breach of employment contract, (2) promissory estoppel, (3) fraudulent misrepresentation, (4) negligent misrepresentation, (5) elder abuse, (6) benefits and enforcement and clarification of rights under the Employee Retirement Income Security Act ("ERISA"), and (7) breach of fiduciary duty. (*See* Dkt. No. 39) ("Complaint" or "Compl.").

Now before the Court is Oracle defendants' motion to dismiss all causes of action. (*See* Dkt. No. 43-1.) Having carefully reviewed the record, the papers submitted on the motion, and for the reasons set forth more fully below, the Court **GRANTS IN PART AND DENIES IN PART** the motion to dismiss.

I. **BACKGROUND**

Plaintiff was hired in 2000 by Sun Microsystems, Inc. During that time, plaintiff negotiated her job offer and received a letter from Sun Microsystems that reflected that Sun Microsystems was offering "a long term disability benefit with a lifetime benefit period." (Compl., Ex. 1.) This concern for lifetime long term disability benefit came from a concern over a childhood disability resurfacing later in life. Plaintiff chose Sun Microsystems over Intel

specifically in part because of this offer letter and the guarantee of a lifetime benefit period for long term disability insurance. Effective 2001, however, the long term disability plan ("LTD plan" or "the plan") that Sun Microsystems enrolled into changed its policies to one where an individual who is disabled before age 60 will have long term disability insurance terminate at age 65. In summer 2001, plaintiff was involved in an accident where she became permanently disabled. Later, Oracle Corporation acquired Sun Microsystems (as well as its obligations). Plaintiff received benefits until she turned 65 in 2020, at which point she was denied claims under the plan.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiffs. *Johnson v. Lucent Techs.*, *Inc.,* 653 F.3d 1000, 1010 (9th Cir. 2011). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). This "facial plausibility" standard requires the plaintiffs to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. While courts do not require "heightened fact pleading of specifics," plaintiffs must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] plaintiff's obligation to provide the 'grounds' of this 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory,

unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008).

### III. ANALYSIS

#### A. First and Second Claims: Breach of Contract and Promissory Estoppel

The Oracle defendants argue that the Court should dismiss plaintiff's breach of contract and promissory estoppel claims because: (1) the claims are preempted under ERISA; (2) they are time-barred under the statute of limitations; (3) the alleged promise to pay lifetime disability benefits was too indefinite to be the basis of a binding contract; and (4) the promise was too unclear and ambiguous to be the basis of a promissory estoppel claim. The Court discusses each.

##### 1. Preemption

The Court first considers whether plaintiff's breach of contract and promissory estoppel claims are preempted under ERISA. ERISA Section 514(a) expressly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan[.]" 29 U.S.C. § 1144(a). "While this section suggests that the phrase 'relate to' should be read broadly, the Supreme Court has recently admonished that the term is to be read practically, with an eye toward the action's actual relationship to the subject plan." *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004) (citing *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655-56 (1995)). However, although ERISA preemption is broad, the Supreme Court has cautioned that courts "must go beyond the unhelpful text and the frustrating difficulty of defining its key term, and look instead to the objectives of the ERISA statute as a guide to the scope of [preemption]." *New York State Conference of Blue Cross & Blue Shield Plans*, 514 U.S. at 645. "Generally speaking, a common law claim 'relates to' an employee benefit plan governed by ERISA 'if it has a connection with or reference to such a plan.'" *Id.* (citation omitted). "In evaluating whether a common law claim has 'reference to' a plan governed by ERISA, the focus is whether the claim is premised on the existence of an ERISA plan, and whether the existence of the plan is essential to the claim's survival. If so, a sufficient 'reference' exists to support preemption." *Id.* (citations omitted).

Here, the Oracle defendants rely on *Devoll v. Burdick Painting*, 35 F.3d 408, 412 (9th Cir.

3

1994) to argue that ERISA's preemptive sweep includes state law claims based on an employer's breach of an alleged promise to provide certain benefits. However, *Devoll* was decided a year before the Supreme Court's decision in *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995), which the Ninth Circuit later described as a move "away from a literal reading of 'relate to,' towards a more narrow interpretation of the phrase and its preemptive scope." *Graham v. Balor Co.*, 146 F.3d 1052, 1054 (9th Cir. 1998). The Ninth Circuit's decision in *Graham* is instructive.

In *Graham*, an employee received an unfavorable performance review and faced termination. *Id.* at 1054–55. After contesting the review and threatening litigation, the employee entered into an agreement with her employer whereby the employee promised not to pursue litigation in exchange for continued health care benefits through the employer's plan. *Id.* Five years after the parties entered in the agreement, the employer terminated the plaintiff's benefits. *Id.* at 1055. Plaintiff sued for breach of contract, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress. *Id.* The Ninth Circuit held that the plaintiff's state law claims were not preempted because the agreement "was a settlement of legal claims which does not relate to an employee benefit plan." *Id.* The court further found that the agreement "did not arise in the course of [defendant's] administration of its employee benefit plan" and "concern[ed] only one employee, not the entire plan. Therefore, it [fell] outside plan administration, and [did] not trigger preemption." *Id.*

As in *Graham*, plaintiff's breach of contract and promissory estoppel claims are based on plaintiff's separate employment contract and does not depend on the existence or terms of an ERISA plan. The complaint alleges that plaintiff entered into an employment agreement that promised plaintiff lifetime disability benefits. (Compl. ¶¶ 26-30, Ex. 1.) Thus, the representations made in plaintiff's offer letter regarding lifetime benefits are independent and distinct from the ERISA policy and administration of the plan. Thus, the Court finds that plaintiff's claims for breach of contract and promissory estoppel are not preempted under ERISA.

Accordingly, the Court **DENIES** the motion on this ground.

4

### 2. Statute of Limitations

Having concluded that plaintiff's breach of contract and promissory estoppel claims are not preempted under ERISA, the Court now considers whether the claims are timely.

Under California law, the statute of limitations for breach of a written contract is four years. Cal. Civ. Proc. Code § 337(1). A breach of contract claim generally accrues at the time of the breach. *Power Quality & Elec. Sys., Inc. v. BP W. Coast Prod. LLC,* No. 16-CV-04791 YGR, 2016 WL 6524408, at *4 (N.D. Cal. Nov. 3, 2016). A claim for promissory estoppel must be brought within 2 years from the date of accrual. *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 6 Cal. App. 5th 1207 (2016).

Here, the parties dispute when plaintiff's breach of contract and promissory estoppel claims accrued. The Oracle defendants argue that plaintiff's claims accrued in 2001 when plaintiff's claim for disability benefits under the LTD was first approved. Plaintiff argues that the claims accrued in April 2020 when she stopped receiving the lifetime disability benefits she was promised.

The complaint alleges that the breach occurred when plaintiff stopped receiving benefits in April 2020 after previously being promised lifetime disability benefits, Compl. ¶ 30, and that plaintiff first learned that defendants intended to breach the terms of her employment agreement in April 2020, *id.* ¶ 18. Plaintiff's claims are premised on the termination of benefits, not on the defendants "offering only a plan that did not include a lifetime benefit period" as defendants suggest. (*See* Mot. at 11.) Thus, construing the allegations in the complaint in plaintiff's favor, as the Court must at this stage, the Court finds that the breach did not occur until April 2, 2020 when plaintiff stopped receiving disability benefits. Plaintiff filed suit nine months later. Thus, the Court finds that plaintiff's claims are not time-barred.

Accordingly, the motion is **DENIED** on this ground.[1]

---

[1] For the same reasons, the Court **DENIES** defendants' motion to dismiss plaintiff's negligent and fraudulent misrepresentation claims as time barred.

### 3. Indefiniteness.

The Court next considers whether defendants' promise of lifetime benefits was too indefinite to constitute a binding contract. Under California law, "where a contract is so uncertain and indefinite that the intention of the parties in material particulars cannot be ascertained, the contract is void and unenforceable." *Moncada v. West Coast Quartz Corp.*, 221 Cal. App. 4th 768, 777 (2013) (citation omitted). All contracts have some degree of indefiniteness and uncertainty, but "[t]he law leans against the destruction of contracts because of uncertainty and favors an interpretation which will carry into effect the reasonable intention of the parties if it can be ascertained." *Id*.

In arguing that the promise of lifetime disability benefits is too indefinite to enforce, defendants rely on *Ladas v. Cal. State Auto. Ass'n,* 19 Cal. App. 4th 761 (1993). There the court found unenforceable a promise to consider what employees at other companies were earning when setting commission rates. *Id.* at 771. The court noted that numerous uncertainties defeated enforcement, such as what standard would be used to determine whether a breach had occurred and the fact that the nature of the obligation provided no rational method for determining breach or computing damages. *Id.*

*Ladas* is inapposite. Unlike *Ladas*, the Court finds that defendants' language promising lifetime benefits sufficiently certain to state a claim for breach of contract. Nothing in plaintiff's offer letter renders the term "lifetime benefits" unclear. Indeed, the language in the offer letter is certain enough to allow the Court to evaluate whether there was a breach and the circumstances that would constitute a breach. Thus, the Court finds the promise of lifetime benefits in plaintiff's offer letter certain enough to form the basis of a valid and enforceable contract, especially in light of the years of compliance.

Accordingly, the Court **DENIES** defendants' motion to dismiss on this ground.

### 4. Vague and Ambiguous

In the same manner that the Oracle defendants challenge plaintiff's breach of contract claim for the promise of lifetime benefits being too indefinite, defendants argue that the promise of lifetime benefits is too vague and ambiguous to support plaintiff's promissory estoppel claim.

6

1  Having already found the promise of lifetime benefits certain and clear enough to be binding, the
2  Court **DENIES** the motion for the same reasons discussed above.  *See supra* III.A.3.

### B.    Fourth Claim: Negligent Misrepresentation Claim

Having already found that plaintiff's negligent misrepresentation claim was not time barred, the Court now considers whether the claim is sufficiently pled.  The Oracle defendants argue that the claim fails because plaintiff does not allege any misrepresentation.

Plaintiff must allege the following to state a claim for negligent misrepresentation: (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage. *Borman v. Brown*, 59 Cal. App. 5th 1048, 1060 (2021) (citations omitted).

Here, plaintiff alleges that the Oracle defendants misrepresented plaintiff's benefits to plaintiff and that defendants either failed in their obligations to ensure that the promise was carried out, or that defendants had no reasonable grounds for believing its promise to provide lifetime benefits. (Compl. ¶¶ 53-54.)  The Court finds these allegations sufficient to allege a misrepresentation. Accordingly, the Court **DENIES** the motion on this ground.

### C.    Fifth Claim: Elder Abuse

Defendants next argue that plaintiff's claim for elder abuse fails for two reasons.  First, it is preempted by ERISA and second, plaintiff has not sufficiently alleged a claim for elder abuse in that plaintiff did not identify any personal property that the Oracle defendants obtained or retained from her.

With respect to the defendant's preemption argument, the Court finds that plaintiff's claim for elder abuse is not preempted.  As plaintiff's other state law claims, this claim is premised on plaintiff's employment agreement and not the LTD plan.  Accordingly, the claim is not preempted.

With respect to the Elder Abuse Act, the Act defines various acts as "abuse of an elder," including "[p]hysical abuse, neglect, financial abuse, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering." Cal. Welf. & Instit. Code § 15610.07(a). Here, plaintiff focuses on financial abuse.  A claim based on financial abuse requires

1   that a person or entity: (1) "takes, secretes, appropriates, obtains, or retains real or personal
2   property" (2) of an elder or dependent adult; (3) for wrongful use or with intent to defraud or both
3   or (4) assist in such taking. *Id*. § 15610.30(a)(1) -(a)(2).

4       Defendants only dispute whether plaintiff has sufficiently identified personal property that
5   was obtained or retained. The Court finds that plaintiff has sufficiently stated a property interest in
6   the promise for lifetime benefits due under her employment contract. The complaint alleges that
7   plaintiff's benefits were vested and due under the contract. She also alleges that those benefits
8   were subsequently withheld. Thus, the Court finds that plaintiff has adequately alleged that
9   defendants obtained her vested benefits due under the employment contract.

10      Accordingly, the Court **DENIES** the motion to dismiss plaintiff's elder abuse claim to the
11  extent it is premised on benefits due under the employment contract. However, to the extent
12  plaintiff's elder abuse claim is premised on plaintiff's vested benefits in the LTD plan, the claim
13  fails for the reasons identified in section III.D.

14      **D.**    **Sixth Claim: Benefits Under the Plan and Enforcement/Clarification of Rights**

15      Plaintiff argues that her employment agreement amended the LTD plan. The Oracle
16  defendants dispute this, arguing that dismissal is warranted because plaintiff did not sufficiently
17  allege that the offer letter operated as an amendment to the plan.

18      ERISA requires that each plan provide amendment procedures and identify the persons who
19  have authority to amend the plan. 29 U.S.C.A. § 1102(b)(3). To satisfy this obligation, Article 13.2
20  of the plan includes formal amendment procedures, which provides Oracle with the right to adopt
21  any amendments to the plan. (*See* Dkt. No. 43-2) (Decl. of E. Lockwood, Ex. A, Section 13.2). The
22  plan requires any amendment that increases plan benefits to be approved by the Board of Directors.
23  (*Id.*). Plaintiff has not sufficiently alleged that the employment agreement comports with these
24  procedures. Without these allegations, the Court cannot find that plaintiff sufficiently alleged that
25  the employment agreement operated as an amendment to the LTD plan.

26      In light of the foregoing, the Court finds that the plain language of the plan, which provides
27  that plaintiff's long term disability benefits were to terminate upon her reaching the age of 65
28  governs. Accordingly, the Court **GRANTS** the motion to dismiss. As the this is plaintiff's third

8

complaint and amendment appears futile, the motion is granted **WITHOUT LEAVE TO AMEND**.

### E. Seventh Claim: Breach of Fiduciary Duty and Equitable Relief under ERISA

The Oracle defendants argue that plaintiff's breach of fiduciary duty claim fails because plaintiff has not identified any fiduciary actions.

ERISA's enforcement scheme provides a cause of action against plan fiduciaries for breach of their fiduciary duties, 29 U.S.C. § 1132(a)(2), and a cause of action to remedy plan or ERISA violations with "appropriate equitable relief," *id.* § 1132(a)(3). Plaintiff seeks relief under both provisions.

There are two types of fiduciaries under ERISA. *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 653 (9th Cir. 2019). First, a party that is designated "in the plan instrument" as a fiduciary is a "named fiduciary." 29 U.S.C. § 1102(a)(2). Second, ERISA provides the following definition of what is sometimes referred to as a "functional" fiduciary: [A] person is a fiduciary with respect to a plan to the extent that person (i) exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) has any discretionary authority or discretionary responsibility in the administration of such plan. *Id.* § 1002(21)(A); *Santomenno v. Transamerica Life Ins. Co.*, 883 F.3d 833, 837 (9th Cir. 2018).

A person is a fiduciary only to the extent the person is engaged in some form of the conduct listed above. *Pegram v. Herdrich*, 530 U.S. 211, 225-26 (2000); *Acosta v. Brain*, 910 F.3d 502, 519 (9th Cir. 2018) ("[W]e must distinguish between a fiduciary 'acting in connection with its fiduciary responsibilities' with regard to the plan, as opposed to the same individual or entity 'acting in its corporate capacity.' Only the former triggers fiduciary status; the latter does not." (internal citation omitted)). The central question then becomes whether the complained of conduct was fiduciary in nature. *Pegram*, 530 U.S. at 226. Determination of whether a fiduciary duty attaches to alleged conduct is appropriate at the motion to dismiss stage. *See Depot, Inc.*, 915 F.3d at 657 (affirming district court's order dismissing claim for breach of fiduciary duty under

9

ERISA).

Here, the complaint alleges that the Oracle defendants owes a fiduciary duty to participants and beneficiaries of the plan. (Compl. ¶¶ 88-89.) The complaint also alleges that the Oracle defendants breached their fiduciary duties by: (a) failing to create a class under the plan for members who received a lifetime benefit; (b) refusing to pay the vested benefits in accordance with the employment agreement; (c) failing to secure a long-term disability plan with a lifetime benefit as it was obligated to do; (d) failing to disclose that there was no separate class under the plan for members with lifetime benefits; (e) denying in bad faith that plaintiff is owed lifetime benefits; (f) promising benefits that defendants did not intend to provide; (g) denying the existence of the benefits due to plaintiff; (h) failing to amend its plan to ensure that plaintiff would have lifetime benefits; (i) and failing to discharge its duties with care, skill, prudence, and diligence; and (j) violating the standard of care mandated by ERISA. (*Id.* ¶ 99.)

Plaintiff's claim for breach of fiduciary duty fails as a matter of law. With respect to plaintiff's claim that the Oracle defendants failed to create a subclass of members receiving lifetime benefits and failed to amend its plan to include such, those claims fail because "an employer's decisions about the content of a plan are not themselves [an] fiduciary act." *Pegram*, 530 U.S. at 226. Given that, defendants' alleged failure to include such content in the plan, and failure to disclose as much, cannot be the basis of plaintiff's breach of fiduciary claim. Similarly, the bulk of plaintiff's allegations, which mostly relate to defendants' refusal to pay lifetime benefits and failure to secure a plan with such benefits, also fail as a matter of law because the plain language of the LTD plan permits disability benefits only up to the age of 65. Furthermore, with respect to plaintiff's allegations that defendants promised her lifetime benefits, even if true, those allegations cannot form the basis of plaintiff's breach of fiduciary duty claim since plaintiff has alleged that those statements were made before plaintiff became a plan participant. The Court finds that plaintiff's remaining allegations of defendants failing to discharge its duty with care and violating the standard of care mandated by ERISA insufficient to state a claim for breach of fiduciary duty, as those allegations are devoid of any factual allegations to support the conclusory statements. Without more, the Court **DISMISSES** plaintiff's breach of fiduciary duty claims

**WITHOUT LEAVE TO AMEND.**

## IV. CONCLUSION

In light of the foregoing, the Court **GRANTS AND IN PART AND DENIES IN PART** the Oracle defendants' motion to dismiss. The motion is **DENIED** with respect to plaintiff's state law claims (claims one through five) and **GRANTED** with respect to plaintiff's ERISA claims (claims six and seven).

The Oracle defendants shall respond to claims one through five amended complaint by December 30, 2021. The Court sets a case management conference for January 24, 2022 at 2:00 p.m. which shall proceed over the Zoom platform. Specifics will be noted on the docket.

This Order terminates Docket Number 43.

**IT IS SO ORDERED.**

Dated: December 10, 2021

                                        **YVONNE GONZALEZ ROGERS**
                                        **UNITED STATES DISTRICT JUDGE**